UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

vs.

       Criminal No. 25-cr-20165

       Hon. Nancy G. Edmunds

Matthew Weiss

       Defendant.
_____/

## STIPULATION SEEKING PROTECTIVE ORDER

Through their respective counsel, the parties stipulate and agree as follows:

1. As part of its investigation of the defendant, the government has obtained voluminous records.

2. The nature of this material requires a protective order to protect the privacy of third parties, including victims of crimes.

3. Material covered by this order, which will be clearly noticed upon discovery to the defendant, will be hereinafter referred to as Protected Discovery.

4. This order also covers any prior discovery to the defendant that the government has previously identified as Protected Discovery.

5. Upon receiving the Protected Discovery, the defendant and defense counsel shall treat the Protected Discovery, including copies of the Protected Discovery, as confidential.

6. The defendant may review the protected discovery with defense counsel, under the following guidelines:

    a. After the defendant has completed the discovery review session with defense counsel, the defendant shall not be permitted to keep or take with him the Protected Discovery or any copies of the Protected Discovery. The Defendant may not maintain notes of the Protected Discovery in any form.

    b. Any notes created by the defendant or counsel (including counsel's representatives) related to the Protected Discovery in any way shall be maintained with the Protected Discovery.

7. Defense counsel and the defendant may disclose, make copies of, or reveal the contents of such materials to defense counsel's legal assistants and other employees assisting in defense preparation, provided that counsel instructs such other persons that further disclosure or copying is prohibited. Upon notice to the government, defense counsel may also disclose, make copies of, or reveal the contents of such materials to defense experts, provided that counsel instructs such experts that further disclosure or copying is prohibited.

8. Defense counsel shall be responsible for advising the defendant and other members of the defense team of the contents of this Stipulation. Any unauthorized disclosure may constitute a violation of this Court's order.

9. Defense counsel and the defendant shall not disclose, make copies of, or reveal the contents of the Protected Discovery to any other persons without prior written consent of the government or further order of the Court.

10. Before including or referencing any Protected Discovery in any court filings, defense counsel shall consult with the government to determine if any such filings require redaction or need be filed under seal.

11. In the event that the defendant obtains new counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until new counsel agrees also to be bound by this Stipulation. Notice of new counsel's agreement to be bound by the order must be provided to the government in writing.

12. The Protected Discovery may only be used in connection with the litigation of this case and for no other purpose. Defense counsel shall return the Protected Discovery to the government at the conclusion of these proceedings, and permanently delete any copies from their computer systems and destroy any hard copies. Within 90 days following the conclusion of the litigation in this matter, defense counsel shall certify in writing to counsel for the United States that all of the Protected Discovery (and any copies thereof) have been returned or destroyed.

13. Nothing in this stipulation should be construed as imposing any discovery obligations on the government or the defendant different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure and the Local Criminal Rules.

14. Any violation of any term or condition of this stipulation by the defendant, defense counsel, any member of the defense team, or any attorney for the United States Attorney's Office for the Eastern District of Michigan, may result in the offender being held in contempt of court, and/or being subject to monetary or other sanctions as deemed appropriate by this Court.

15. If the defendant violates any term or condition of this stipulation, the government reserves its right to seek a sentencing enhancement for obstruction of justice and to file criminal charges relating to the defendant's violation.

**IT IS SO STIPULATED.**

s/ *Timothy J. Wyse*  
Timothy J. Wyse  
Assistant United States Attorney  
211 W. Fort Street, Suite 2001  
Detroit, Michigan 48226

s/ *Douglas R. Mullkoff* (by consent)  
Douglas R. Mullkoff  
Attorney for Defendant  
402 West Liberty  
Ann Arbor, Michigan 48103

Dated: March 26, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

vs.

Matthew Weiss

      Defendant.
_____/

Criminal No. 25-cr-20165

Hon. Nancy G. Edmunds

# **PROTECTIVE ORDER**

This Court, having reviewed the stipulation above, being advised in the matter, and for the reasons stated by the parties,

**IT IS HEREBY ORDERED** that pretrial disclosure of discovery and related materials, as defined in the stipulation above, is controlled by the provisions of the stipulation agreed to by the parties.

**IT IS SO ORDERED.**

s/Nancy G. Edmunds
Hon. Nancy G. Edmunds
United States District Judge


Date Entered:     March 28, 2025

5