UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**UNITED STATE OF AMERICA,**

            **Plaintiff,**               Case No. 2:25-CR-20165

vs.                                         HON. NANCY G. EDMUNDS

**MATTHEW WEISS,**

            **Defendant.**

---

### MOTION TO SUPPRESS EVIDENCE OBTAINED THROUGH UNCONSTITUTIONAL SEARCH AND SEIZURE WARRANTS

The University of Michigan ("UM") Police Department ("UMPD") applied for search warrants while investigating a report that multiple UM alumni email accounts had been compromised on December 21 and 22, 2022. UMPD officers asserted that the suspect used a vulnerability, specifically in the password reset process, in the University of Michigan self-service account recovery application, which would allow someone to send reset codes for a chosen username.

The evidence in this case is the fruit of blatantly unlawful warrants obtained by UMPD. Those warrants, used to search computers seized from Mr. Weiss's home, person, and office, fail every possible standard for particularity. They all

1

used the single most obviously unlawful way to search computers, describing the evidence to be searched for *without any limit whatsoever*.

UMPD officers obtained two nearly identical warrants purporting to authorize a search through 17 different personal devices seized from Mr. Weiss—one warrant for 14 devices seized from his person and home (Weiss_000000007053),[1] and the other warrant for 3 devices seized from Mr. Weiss's office and private spaces at the University of Michigan Weiss_000000007044).[2]  In both cases, the warrants authorized a search for the following evidence:

> A full computer forensics examination of the above listed devices to include photographs, videos, recordings, text messages, emails, social media applications, files and file metadata, directories, deleted files, maps and or geographical locations.

These warrants provided the officers with no guidance whatsoever—as to what evidence to look for when the government searched Mr. Weiss's many computers. The warrants did not provide *any* of the limits that clearly established law has for decades required on what evidence to look for when searching computers.

UMPD's warrants are essentially identical to warrants that have routinely been held so plainly invalid that the good faith exception cannot apply.  All of the

---

[1] See Exhibit A.

[2] See Exhibit B.

evidence obtained as a fruit of these plainly unlawful state warrants must be suppressed.  The federal government's late-stage effort to salvage the fruits of the blatantly illegal state warrants by obtaining federal warrants to justify a second federal search cannot alter that compelled result.

BRIEF IN SUPPORT

I. **THE FOURTH AMENDMENT REQUIRES WARRANTS FOR DIGITAL EVIDENCE TO DELINEATE THE CATEGORY OF RECORDS SOUGHT, BOTH BY DESCRIBING THE CRIME AND THE SPECIFIC RECORDS AND BY INCLUDING DATE RESTRICTIONS ON THE RECORDS SOUGHT**

The Fourth Amendment states that warrants must "particularly describ[e]" the "things to be seized." U.S. Const. Amend. IV. This particularity requirement prevents the general rummaging that occurs with general warrants. *See Andresen v. Maryland*, 427 U.S. 463, 480 (1976). "Where, as here, the property to be searched is a computer hard drive, the particularity requirement assumes even greater importance." *United States v. Galpin*, 720 F.3d 436, 446 (2d. Cir. 2013). The need for a particular description of things to be seized is heightened in the context of searches for records, including records stored in electronic form, as those records often contain "our diaries, calendars, files, and correspondence and therefore may be especially vulnerable to a worrisome exploratory rummaging by the government." *United States v. Russian*, 848 F.3d 1239, 1245 (10th Cir. 2017).

The caselaw on warrant particularity establishes two bedrock principles. First, warrants for records must "delineate a category of relevant records" rather than allow the seizure of "all records." *United States v. Demasi*, 715 F. Supp. 3d 1009, 1017–18 (E.D. Mich. 2024). When the nature of the crime makes the category of responsive records obvious, the warrant at the very least "must identify

4

the specific offense for which the police have established probable cause." *Galpin*, 720 F.3d at 445. For example, in a child pornography case, the warrant must be "restricted to a search for evidence of child pornography crimes and [must] not permit a free-ranging search." *United States v. Richards*, 659 F.3d 527, 542 (6th Cir. 2011).

When the nature of the crime being investigated makes what records would be responsive less obvious, particularity requires more than just naming the offense: The warrant must state what specific records are sought. *See, e.g., United States v. Shah*, 2015 WL 72118, *13 (E.D.N.C. 2015) (concluding in a computer hacking case that a warrant's "limitation by reference to the broad statute" of the CFAA violates the particularity requirement because it fails to impose any real limitation" given the broad range of evidence that might be evidence of a computer hacking offense); *People v. Carson*, 2025 WL 2177501 at *8 (Mich. 2025) (holding that warrant to search computers for "any and all records or documents pertaining to the investigation of Larceny in a Building and Safe Breaking" violated the particularity requirement because it does not provide "any meaningful affirmative limitation" on what is searched for); *Burns v. United States*, 235 A.3d 758, 67 (D.C. 2020) (warrant seeking "any evidence" related to a particular homicide found on a seized cell phone violates the particularity requirement by not listing the specific records sought).

5

The caselaw on particularity also establishes a second clear principle: "failure to limit broad descriptive terms by relevant dates, when such dates are available to the police, will render a warrant overbroad." *United States v. Lazar*, 604 F.3d 230, 238 (6th Cir. 2010) (quoting *United States v. Ford,* 184 F.3d 566, 576 (6th Cir. 1999)). Requiring a date restriction prevents general searches by limiting the search to those records from the time of the criminal activity described in the affidavit. Thus, in *Ford*, the Sixth Circuit suppressed records of an earlier crime discovered in a document search for evidence of a more recent offense on the ground that date restrictions were missing from the warrant that would have ruled out the seizure of records of the earlier offense. *See Ford*, 184 F.3d at 576-78. Similarly, in *Lazar*, the Sixth Circuit suppressed records seized from a doctor's office because the warrant did not specify the time frame for those records. *See Lazar* 604 F.3d at 238.

## II. IT IS CLEARLY ESTABLISHED THAT WARRANTS TO SEARCH COMPUTERS WITHOUT LIMIT VIOLATE THE FOURTH AMENDMENT'S PARTICULARITY REQUIREMENT

Under the two clear principles of warrant particularity, the most blatant and obvious kind of constitutional violation is to obtain a warrant to search computers without limit. The exact language of unlimited warrants to search computers varies—it might be to search for "all data," or to search "all computers" —but the illegality is clear either way. Warrants to search computers with no limits provide

no guidance whatsoever to the officers who must comb through the massive haystack of records to find the needle of evidence.   Such warrants are clearly unconstitutional. See, e.g., *In re 650 Fifth Ave. & Related Props.*, 934 F.3d 147, 163 (2d Cir. 2019) (where a warrant "does not even arguably include a reference to the Claimants' alleged crimes or a temporal scope for the items to be seized, . . . [n]o reasonable officer could have presumed that this glaringly deficient warrant was valid"); *United States v. Burgess*, 576 F.3d 1078, 1091 (10th Cir. 2009) ("If the warrant is read to allow a search of all computer records without description or limitation it would not meet the Fourth Amendment's particularity requirement."); *United States v. Rosa*, 626 F.3d 56, 62 (2d Cir.2010) (holding that a warrant authorizing seizure of electronic equipment "provided [officers] with no guidance as to the type of evidence sought" and constituted an unlawful general warrant).

These principles are not new.  They have been established going back more than two decades all around the country, both in federal court and in state court. *See, e.g., Lesoine v. County of Lackawanna*, 77 Fed. Appx. 74, 79 (3d Cir. 2003) (warrant authorizing seizure of computer records without any reference to the crime under investigation failed the particularity requirement); *United States v. Riccardi*, 405 F.3d 852, 862-63 (10th Cir. 2005) (warrant to search "all electronic and magnetic media stored therein" violates particularity); *United States v. Zemlyansky*, 945 F. Supp. 2d 438, 454-60 (S.D.N.Y. 2013) (warrant authorizing

seizure of "computers" and other items without listing the crime for which the items will be searched for evidence violates particularity); *United States v. Slaey*, 433 F. Supp. 2d 494, 500-01 (E.D. Pa. 2006) (warrant authorizing the seizure of "[a]ny records, documents, materials and files maintained on a computer" violates particularity); *United States v. Fleet Management*, 521 F. Supp. 2d 436, 442-46 (E.D. Pa. 2007) (seizure of "any and all data" violates particularity); *State v. Wilson*, 884 S.E.2d 298, 301 (Ga. 2023) (warrant for "any and all stored electronic information" violates particularity); *People v. Coke*, 461 P.3d 508, 516 (Colo. 2020) (en banc) warrant for "[a]ny electronic data that would be illegal to possess (contraband), or fruits or proceeds of a crime, or data intended to be used in the commission of a crime" violates particularity); *State v. Henderson*, 854 N.W.2d 616, 625, 633 (Neb. 2014) (warrants to cell phones for "[a]ny and all information" violated particularity).

### III. COURTS ROUTINELY HOLD THAT WARRANTS TO SEARCH COMPUTERS WITHOUT LIMIT CANNOT SATISFY THE GOOD FAITH EXCEPTION AND JUSTIFY THE SUPPRESSION OF EVIDENCE DISCOVERED

The defects of unlimited warrants for computers are so obvious that courts have routinely held them to be outside the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984), which provides the standard for suppressing evidence for Fourth Amendment violations. *See Lazar*, 604 F. 3d at 237-38 (concluding that suppression is required if *Leon*'s good faith exception is not satisfied). Under

*Leon*, the good faith exception is unavailable where the warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." 468 U.S. at 923.

Warrants to search computers without any restriction— with no restrictions in category, and no restriction in dates—are perhaps the most obvious examples of warrants that satisfy this standard and justify suppression of evidence. Courts have routinely held that such warrants are outside the good-faith exception. *See, e.g., United States v. Santiago,* 135 F.4th 1235, 1240 (10th Cir 2025) (no good faith exception for warrant to search cell phone for "[a]ll call information," as the warrant's failure to state the crime means that it "clearly fails to comply with the Fourth Amendment's particularity requirement"); *In re 650 Fifth Ave. & Related Props.,* 934 F.3d 147, 163 (2d Cir. 2019) (no good faith exception for searches pursuant to warrant to search "[a]ny and all computers," as *Leon*'s standard "fits this case like a glove" and "[n]o reasonable officer could have presumed that this glaringly deficient warrant was valid."); *United States v. Demasi*, 715 F. Supp. 3d 1009, 1024 (E.D. Mich. 2024) (good faith exception does not apply where the government obtained warrants to search "[r]ecords kept on paper and on digital devices," as the warrants were "textbook examples of facially deficient warrants which officers cannot reasonably rely on in good faith"); *United States v. Garcia*,

9

No. 3:20-CR-00058, 2023 WL 4850553 at *13 (D.Conn. July 28, 2023) (no good faith exception for warrant to search "all electronic devices to include all cellular phones," as the deficiency of the warrant was "obvious"); *United States v. Wey*, 256 F. Supp. 3d 355, 398 (S.D.N.Y. 2017) (no good faith exception for search pursuant to warrant for general categories of records such as "financial records," "notes," and "memoranda"); *United States v. Wecht,* No. 2:06-CR-26, 2009 WL 10718126, at *27 (W.D. Pa. May 14, 2009) (no good faith exception for search pursuant to a warrant to seize "all information and data" contained in the computer's hard-drive and associated storage devices, as the warrant "was so facially overbroad as to violate the Fourth Amendment's particularity requirement and render any reliance on the warrant objectively unreasonable" under *Leon*); *United States v. Fleet Management Ltd*., 521 F. Supp. 2d 436, 443-44 (E.D. Pa. 2007) (no good faith exception for a warrant that described the property to be seized as the computer hard drives; the warrant was "plainly insufficient" under *Leon*, "as the hard drives were merely the property to be searched, not the property to be seized"); *United States v. Gross*, 2025 WL 1833818 (N.D. Iowa July 3, 2025) (R&R: accepted by the district court granting motion to suppress), 2025 WL 2058776 (N.D. Iowa July 23, 2025) (no good faith exception for warrant to search phone where warrant had "no limitation on items to be seized—it did not limit what police were searching for to evidence of child enticement or pornography, to

10

a particular timeframe, or to certain categories of data"); *Burns v. United States*, 235 A.3d 758, 779 (D.C. 2020) (no good faith exception where warrants "authorized a search of everything" on two cell phones, as such warrants were "obviously deficient").[3]

### IV. THE UMPD WARRANTS USED TO SEARCH THE COMPUTERS SEIZED FROM MR. WEISS'S HOME, PERSON, AND OFFICE ARE UNLIMITED GENERAL WARRANTS THAT CANNOT SATISFY THE GOOD FAITH EXCEPTION AND REQUIRE SUPPRESSION

In this case, investigators from UMPD obtained warrants in two stages. First, they obtained warrants to *seize* Mr. Weiss's computers from his home, office, and person. Second, they gathered the seized devices together and obtained two warrants to *search* the devices—seventeen devices in total. The two warrants to search the 17 devices are essentially identical. The warrant to search the 14 devices seized from Mr. Weiss's home and person used the following description of the things to be seized— that is, the actual evidence sought:

> A full computer forensics examination of the above listed devices to include photographs, videos, recordings, text messages, emails, social media applications, files and file metadata, directories, deleted files, maps and or geographical locations. Use of any software to bypass encryption and/or passcodes.

---

[3] *See also United States v. Ray*, 141 F.4th 129, 135-36 (4th Cir. 2025) (no good faith exception where the warrant authorized the seizure of computers but not the search of computers, with the court noting that the warrant's "total omission of the item to be searched" is "the gravest [particularity violation] possible"); *Wheeler v. City of Lansing,* 660 F. 3d 931, 942 (6th Cir. 2011) (no qualified immunity, under the same standard as the good faith exception, with a warrant in a stolen goods case that allowed the government to search for and seize "cameras, video game systems, big screen televisions, and coin collections" without additional detail).

*See* Exhibit A.  The second warrant, to search the three devices seized from Mr. Weiss's office and private spaces at the University of Michigan, was essentially identical—merely omitting the final phrase "[u]se of any software to bypass encryption and/or passcodes."  *See* Exhibit B.

    These warrants are plainly and obviously unconstitutional.  They impose no limit at all.  They authorize a total, complete, and unlimited search through all seventeen seized devices.  They authorize "a full computer forensic examination," full stop.  The warrants then go on to state by illustration what kinds of files the "full computer forensic examination[s]" should "include," listing examples such as "photographs, videos, recordings, text messages, emails, social media applications, files and file metadata" and the like.  The overall effect is to ensure that the "full computer forensic examination" is an absolute and total search through absolutely everything.

    No limits are imposed—or even hinted at.  There is no required limit to evidence relating to a particular crime, such as unauthorized access to a computer.  There is no required limit to particular records that would be evidence.  There is no required date restriction to the time period in which the crimes were believed to have occurred.

    The unconstitutionality of the state warrants is so obvious that the good-faith exception cannot possibly apply.  *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004)

(concluding that qualified immunity cannot apply, equivalent to the good-faith exception not applying, when the government obtained a warrant to search a house for evidence but described the property to be seized as the house itself; such a warrant "provided no description of the type of evidence sought" and was "plainly invalid").

Two recent federal appellate cases make this point especially clearly. First, in *United States v. Santiago,* 135 F.4th 1235 (10th Cir. 2025), state officers arrested Santiago for sexual assault of a minor. Officers seized Santiago's cell phone and then obtained a state warrant to search the phone for the following:

> All call information, including voice mail messages, all outgoing and incoming calls, missed calls, recent calls, call logs, text messages, including incoming and outgoing messages, multimedia messages, including incoming and outgoing, IMEI numbers, serial number and any other numbers used to identify cell phones as well as any other information within said phone that may be deemed evidence that a crime has been or is about to be committed.

*Id*. at 1238. Officers searched the computer and found CSAM, leading to state charges against Santiago and a referral to federal authorities who obtained their own warrant and found the same CSAM. *See id*.

In *Santiago*, the Tenth Circuit ruled that the fruits of both warrants had to be suppressed and that Santiago's federal conviction must be overturned. *See id*. at 1241. The evidence all stemmed from the state warrant that was obviously unconstitutional. "The state search warrant in Mr. Santiago's case is a classic

example of the kind of general search the Fourth Amendment is intended to prevent," the Court of Appeals explained, *id.* at 1239.

The unconstitutionality was so obvious the good-faith exception could not apply: "When a search warrant clearly fails to comply with the Fourth Amendment's particularity requirement, as the state search warrant in Mr. Santiago's case did, no objectively reasonable officer could rely on it." *Id*. at 1240.

The warrant in *Santiago* is substantively identical to the warrants here. Like the warrants here, the *Santiago* warrant was unlimited. It authorized a search for "any . . . information within said phone that may be deemed evidence that a crime has been or is about to be committed." Id. at 1238. Similarly, the warrants here authorized a "a full computer forensic examination" of 17 computers. If anything, the warrants in this case are broader than the *Santiago* warrant. The warrant in *Santiago* authorized a search for "any . . . information within [one] phone that may be deemed evidence[.]" The warrants here didn't even impose that limit. They simply authorized a total search of all 17 computers using powerful computer forensic tools that can see everything on every machine—whether it might be deemed evidence of a crime or is obviously not evidence of any crime at all.

The Second Circuit's ruling in *In re 650 Fifth Ave. & Related Props.*, 934 F.3d 147 (2d Cir. 2019), is to the same effect. During an investigation into

14

potential crimes involving real estate transactions, the FBI obtained a warrant to search for and seize evidence that included the following:

> Any and all computers; central processing units; external and internal drives; external and internal storage equipment or media; computerized data storage devices; hard disks or floppy disks; CD-ROMs[;]... and related or connected computer or data storage equipment.

*In re 650 Fifth Ave. and Related Properties*, 830 F. 3d 66, 84 (2d. Cir. 2016).

In its initial ruling, in 2016, the Second Circuit held that this warrant "plainly" violated the Fourth Amendment's particularity requirement. *Id*. at 100. The warrant failed the basics of warrant drafting, such as "particulariz[ing] categories of computerized information for which there was probable cause to seize" and imposing a "temporal scope of the materials that could be seized." *Id.*

In 2019, the Second Circuit further held that this warrant was so obviously defective that the good-faith exception could not apply and the fruits of the warrant had to be suppressed. After reciting *Leon*'s language that a facially deficient warrant cannot satisfy the good faith exception, the court explained that *Leon*'s language "fits this case like a glove." *In re 650 Fifth Ave. and Related Properties*, 934 F. 3d at 163.

> This warrant is facially deficient. It does not even arguably include a reference to the Claimants' alleged crimes or a temporal scope for the items to be seized. . . . No reasonable officer could have presumed that this glaringly deficient warrant was valid.

*Id.*

Once again, the same is true here. The warrant in *In re 650 Fifth Ave.* is substantively identical to the warrants here. In both cases, the warrants impose no limits whatsoever, either as to the nature of the evidence or the time of the warrants. Here, as in *In re 650 Fifth Ave.,* the limit from *Leon* that plainly defective warrants do not qualify for the good-faith exception "fits this case like a glove." *Id.*[4]

For all of these reasons, the fruits of the warrant searches that the government conducted to search Mr. Weiss's seized computers must be suppressed.

V. **THE FEDERAL GOVERNMENT'S SUBSEQUENT STEP OF OBTAINING A FEDERAL WARRANT TO SEARCH MR. WEISS'S DEVICES A SECOND TIME CANNOT CURE THE ILLEGAL STATE SEARCH**

It is counsel's understanding that after the computers were searched and the evidence was found under the state warrants, the UMPD officers brought the case to federal agents. Instead of relying on the state warrants, federal agents obtained a new federal warrant to search the already-seized computers again. Upon information and belief, the federal warrants were prompted by the fruits of the

---

[4] The issue of suppression is also far easier here than in *In re 650 Fifth Ave.,* as the Second Circuit and the Sixth Circuit have adopted different standards for applying the good-faith exception in the context of defective warrants. In the Second Circuit, it appears a *Leon* analysis must be followed up with a second inquiry into the possible cost/benefits of suppression. *See, e.g., United States v. Wey*, 256 F. Supp. 3d 355, 394-97 (S.D.N.Y. 2017) (explaining Second Circuit caselaw). The Sixth Circuit has rejected that approach, however, holding instead that *Leon* is the sole test for reliance on a facially defective warrant. *See Lazar*, 604 F.3d at 237-38.

patently illegal state warrants.  The independent source exception cannot apply, such that the fruits of the state warrant include the fruits of the federal warrant.

## CONCLUSION

The evidence in this case is the product of blatantly unconstitutional state warrants. The federal government's late-stage effort to obtain federal warrants to re-do the state searches cannot cure the taint. For those reasons, the evidence that is the fruit of those searches must be suppressed.

    Respectfully submitted,

/s/ David Benowitz
David Benowitz
Paulette Pagan
Price Benowitz LLP
409 7th Street, NW
Suite 300
(202) 271-5249
David@PriceBenowitz.com
Paulette@PriceBenowitz.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of November 2025, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Timothy Wyse at the United States Attorney's Office.

      /s/ David Benowitz
David Benowitz
Price Benowitz LLP
409 7th Street, NW
Suite 300
Washington, DC 20004
(202) 271-5249
David@PriceBenowitz.com

*Counsel for Matthew Weiss*