UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATE OF AMERICA,

      Plaintiff,

vs.                                          Case No. 2:25-CR-20165
                                                HON. NANCY G. EDMUNDS

MATTHEW WEISS,

      Defendant.

## MOTION TO SUPPRESS EVIDENCE SEIZED FROM ICLOUD ACCOUNT IN FLAGRANT DISREGARD OF THE WARRANT'S TEMPORAL SCOPE

Defendant Matthew Weiss moves to suppress the fruits of the warrant obtained by the University of Michigan Police Department ("UMPD") and served on Apple, Inc. (#7065) to seize Mr. Weiss's Apple account. This warrant was served on Apple for the contents of Mr. Weiss's Apple online accounts, such as his emails, direct messages, and iCloud backups. The warrant explicitly limited investigators to search for and seize records "between the dates of 08-29-2022 through 01-05-2023 for evidence of the crime of Unlawful Access of a Computer."[1] The fruits of this search warrant should be suppressed because the warrant was executed in flagrant disregard of the warrant's terms, completely ignoring the required date

---

[1] See Exhibit A.

restrictions it mandated. At the very least, evidence and fruits seized from the warrant that are outside of the date restrictions must be suppressed.

**BRIEF IN SUPPORT**

**I.   ALL EVIDENCE AND FRUITS OF THE EVIDENCE DISCOVERED UNDER THE ICLOUD WARRANT MUST BE SUPPRESSED**

The warrant in this case has an express limit:  It is limited to evidence between the dates of August 29, 2022, and January 5, 2023. As far as counsel is aware, no evidence was found within the warrant's date restriction. When executing the warrant, however, UMPD completely ignored the date restriction. The disregard of the date restrictions led to the discovery of potential evidence outside the date restrictions.  Specifically, six images of screenshots showing a login page were discovered in violation of the warrant.   These six screenshots, *taken in the year 2020*, led to the issuance of the subsequent federal warrant and evidence in support of Count 21 of the Indictment.

The government's flagrant disregard of the Apple warrant's date restrictions is sufficient to justify suppression of all evidence that is a fruit of this warrant search. *See United States v. King*, 227 F.3d 732, 751 (6th Cir. 2000) ("[A] valid search warrant can turn into an invalid general search if officers flagrantly disregard the limitations of the warrant" during its execution).

Notably, this is not a case involving a complex mix of paper and electronic records with different dates seized from a target's office, in which the government must necessarily take the time to look through records from outside the date restriction to find records within the date restriction that the warrant authorizes

officers to seize. *See, e.g., United States v. Henson*, 848 F.2d 1374, 1383-84 (6th Cir. 1988) (rejecting a "flagrant disregard" challenge in such circumstances). Rather, all UMPD had to do was abide by the date restrictions in the warrant when looking through the date-specified Apple records. UMPD officers failed to do that, justifying suppression of all fruits of the illegal search.

## II. AT THE VERY LEAST, ANY EVIDENCE THAT WAS OUTSIDE THE DATE RESTRICTION OF THE WARRANT MUST BE SUPPRESSED

In the alternative, if the Court does not agree that the remedy of blanket suppression is justified for this violation, at the very least, any evidence outside of the date restriction as to the date and type of records— that is, any evidence related to computer hacking occurring before August 29, 2022, or (if applicable) after January 5, 2023— must be suppressed.

Evidence outside the date restriction is simply outside the scope of the warrant. The warrant does not authorize its seizure, and UMPD had no legal authority to search for evidence in that time window. If the Court finds that disregarding the date restrictions does not justify suppression of the entire fruits of the warrant search, at the very least the suppression of that evidence outside the warrant's date restrictions is required.

*United States v. d'Haiti*, No. 21-cr-00284-LKG, 2025 WL 875454 (D. Md. 2025), is illustrative. In *d'Haiti,* the FBI served a warrant on Apple authorizing the

3

seizure of "[c]ertified copies of any and all records, all data, all information for any and all iCloud/Apple accounts" relating to the defendant "for the month of January 2020"[.] *Id.* at *1. Despite the date restriction, Apple returned to the FBI a complete copy of the defendant's stored records dating back to the creation of the account in January 2019. The FBI searched the entire set of records Apple had provided, finding evidence of the crime from before the January 2020 window authorized by the warrant.

In *d'Haiti*, the district court ordered that all evidence found outside the date restriction of the iCloud warrant—that is, all evidence from before January 2020—had to be suppressed. Because the government had "improperly obtained and retained" the records "that exceed[s] the temporal scope" of the warrant, the Court reasoned, it must "suppress the electronic evidence seized from Defendant Owen's iPhone and iCloud Data account . . . that pre-dates January 1, 2020." *Id.* at *4-*5.

Many other cases are in accord. *See, e.g., United States v. Kahre*, No. 2:05-cr-121 DAE, 2009 WL 10715476, *15 (D. Nev. 2009) ("[T]he Court finds that any information from the excluded time period — i.e., any time prior to January 1, 1992 and from January 1, 1994 through December 31, 1996 — falls outside of the explicit scope of the warrant and shall be suppressed. One of the few explicit limitations on the scope of the warrant was the time limitation found in Attachment B. As such, it is clear that seizure of any items from that time period exceeded the scope of the

4

warrant."); *United States v. Evaschuck*, 65 F. Supp. 2d 1360, 1368 (M.D. Fla. 1999) ("[A]ll documents dated prior to November 17, 1995, found in logbooks containing only documents dated prior to November 17, 1995, will be suppressed."); *DiMaggio v. Superior Court*, 104 Cal.App.5th 875, 886-96 (2024) (suppressing electronic evidence found in a search of a cell phone when the evidence was outside the date restriction in the warrant, as "[a]n objectively reasonable officer would understand that date and time limitations in a search warrant for electronic information would require them to filter the data in a manner that returned only items falling within that timeframe."). *See also United States v. Hill*, 19 F.3d 984, 990 (5th Cir. 1994) ("The district court suppressed all documents seized during the May search that pre-dated 1986 because the documents were outside the scope of the warrant. We agree with the district court that documents generated before 1986 are outside the scope of the warrant.").

### III. THE FEDERAL GOVERNMENT'S SUBSEQUENT STEP OF OBTAINING A FEDERAL WARRANT TO SEIZE AND SEARCH MR. WEISS'S ICLOUD ACCOUNT A SECOND TIME CANNOT CURE THE ILLEGAL STATE SEARCH

It is counsel's understanding that, after the iCloud account was searched and these six images were unlawfully found under the state warrant, federal agents used that unlawful discovery to obtain a second warrant. The follow-up warrant, obtained in federal court, expanded the date range—now from "account inception to

5

December 25, 2022," (#60018)—so that it covers the six images that were previously discovered outside the date range of the state warrant and in violation of the state warrant.

The federal warrant is not an independent source, as it was prompted by the illegal execution of the state warrant. Thus, the fruits of the state warrant include the fruits of the federal warrant.

## CONCLUSION

UMPD investigators executed the Apple warrant in flagrant violation of its date restrictions. For those reasons, the evidence that is the fruit of searches under these warrants must be suppressed. At the very least, any evidence or fruits discovered outside the date restrictions should be suppressed.

Respectfully submitted,

/s/ David Benowitz
David Benowitz
Paulette Pagan
Price Benowitz LLP
409 7th Street, NW
Suite 300
(202) 271-5249
David@PriceBenowitz.com
Paulette@PriceBenowitz.com

Dated: December 15, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that on the 15th day of December 2025, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Timothy Wyse at the United States Attorney's Office.

                                             Respectfully submitted,
                                             <u>/s/ David Benowitz</u>
                                             David Benowitz
                                             Price Benowitz LLP
                                             409 7th Street, NW
                                             Suite 300
                                             (202) 271-5249
                                             David@PriceBenowitz.com

                                             *Counsel for Matthew Weiss*