UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**United States of America,**

        **Plaintiff,**

vs.                                          Case No. 2:25-CR-20165
                                                    Hon. Nancy G. Edmunds

**Matthew Weiss,**

        **Defendant.**

---

## OMNIBUS MOTION TO DISMISS MULTIPLE COUNTS OF THE INDICTMENT FOR DUPLICITY, MULTIPLICITY, AND LACK OF VENUE

    Pursuant to Federal Rules of Criminal Procedure 12(b)(3)(B), Defendant Matthew Weiss moves to dismiss Counts Twenty-One, Twenty-Two, Twenty-Three, and Twenty-Four of the Indictment as duplicitous. Mr. Weiss further moves to dismiss Counts Twenty-One, Twenty-Two, and Twenty-Three as multiplicitous. Finally, Mr. Weiss moves to dismiss Counts One, Two, Six, Eight, Nine, Eleven, Twelve, Sixteen, Eighteen, Nineteen, Twenty-One, and Twenty-Two of the Indictment for improper venue. Or, in the alternative, to require the Government to prove venue at trial.

## BRIEF IN SUPPORT

### I.     INTRODUCTION

Defendant does not dispute that, in appropriate cases, a duplicity concern limited to jury unanimity may be addressed through a specific unanimity instruction or a special verdict form. See *United States v. Beasley*, No. 12-CR-20216 (E.D. Mich. May 7, 2014).

This case, however, presents materially different and more fundamental defects. Counts Twenty-One through Twenty-Four do not merely allege a single offense involving multiple victims or multiple means. Instead, each Count aggregates an undefined set of alleged unauthorized access events—occurring at unknown times, from unknown locations, involving unknown credentials—without identifying which specific act or acts constitute the charged offense. As pleaded, these Counts fail to identify the unit of prosecution, deprive the defendant of constitutionally required notice, and create an incurable risk of double jeopardy. These defects are not remedied by jury instructions.

In addition, Counts Twenty-One through Twenty-Three charge conduct already charged in Counts One through Ten, requiring no additional proof and exposing Mr. Weiss to multiple convictions and punishments for the same offense. This is classic multiplicity.

Finally, Mr. Weiss requests the dismissal of Counts One, Two, Six, Eight,

Nine, Eleven, Twelve, Sixteen, Eighteen, Nineteen, Twenty-One, and Twenty-Two for lack of proper venue.  The Defendant files this motion timely under Fed. R. Crim. P. 12(b)(3) to preserve the issue and avoid any waiver.  Although the Indictment alleges that all acts occurred "in the Eastern District of Michigan and elsewhere," based on a review of all discovery provided to date, there is no evidence that any essential act alleged in Counts One, Two, Six, Eight, Nine, Eleven, Twelve, Sixteen, Eighteen, Nineteen, Twenty-One, or Twenty-Two occurred in the Eastern District of Michigan.  The Government bears the burden to prove venue by a preponderance of the evidence.

## II. COUNTS 21 THROUGH 24 OF THE INDICTMENT SHOULD BE DISMISSED AS DUPLICITOUS BECAUSE EACH COUNT AGGREGATES DOZENS OF ALLEGED ACCESS EVENTS WITHOUT DISTINGUISHING SEPARATE OFFENSES

It is well-established in the Sixth Circuit that "[a]n indictment is duplicitous if it sets forth separate and distinct crimes in a single count." *United States v. Kakos,* 483 F.3d 441, 443 (6th Cir. 2007) (internal quotes and citation omitted). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." *Id.* (internal quotes and citation omitted and emphasis added). "While a duplicative indictment can prejudice a defendant in a variety of ways, the primary concern is that a defendant may be deprived of his

right to a unanimous jury verdict. That is, a jury might return a guilty verdict on a single count submitted to them without all twelve jurors agreeing that the defendant committed either of the offenses charged within that count." *Id.* (internal citations omitted). Other adverse effects on a defendant "may include improper notice of the charges against him, prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, [and] in exposure to double jeopardy." *United States v. Duncan, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988).*

If the Court finds that the Government has alleged duplicitous counts – which it should – an appropriate remedy is dismissal of the counts. A defendant can also request that the government elect the charge within the count upon which it will rely, or ask the Court to particularize the distinct offenses contained within a count. *Kakos*, 483 F.3d 441

Courts have made clear that it is inappropriate to permit the Government to elect the crime on which it will proceed where the indictment would nonetheless allege multiple crimes, because such an indictment presents a constitutional deficiency. *See United States v. Kearney*, 451 F. Supp. 33, 38 (S.D.N.Y. 1978).

Here, each of the four Counts identifies a different server, but then aggregates numerous separate alleged entries into the same server without describing any of those entries, without identifying dates or times, and without distinguishing one access from another. Because each count rests on an

4

unspecified bundle of alleged acts, the Indictment fails to establish the unit of prosecution and deprives the defendant of constitutionally required notice.

Count Twenty-One alleges that Mr. Weiss compromised the passwords of approximately 150 accounts, gained access to the accounts, and downloaded data of more than 150,000 athletes. Count Twenty-Two alleges access to "more than 40" accounts. Count Twenty-Three alleges that Mr. Weiss accessed "more than 25" email accounts. Count Twenty-Four alleges that Mr. Weiss accessed "more than 5" Westmont College user accounts.

The Indictment here does not allege a finite, discrete set of alternative access events within each count, each of which would be independently chargeable. See *United States v. Blandford*, 33 F.3d 685, 699 (6th Cir. 1994) (approving an unanimity instruction where the indictment identified three specific payments, any one of which could support conviction, provided the jury unanimously agreed on the same act). A jury instruction cannot supply what the Indictment itself omits: identification of the charged act. When an indictment fails to specify which act constitutes the crime, it leaves the government free to select its theory only after trial evidence is presented. That is a structural pleading defect, not a trial management issue.

This structure also creates a substantial risk of a Fifth Amendment double jeopardy violation. If the government later chooses to charge additional CFAA

violations based on access to the same servers, there would be no way to determine whether a newly charged act was already included in one of these undifferentiated "more than 40" potential unauthorized access events. The Sixth Amendment requires more: the defendant must be able to know the exact conduct charged so that the jury can unanimously agree on the same act and so that future prosecutions cannot duplicate it.

Because Counts 21 through 24 each sweep in dozens of alleged acts without specifying which acts constitute the charged offense, the Counts are duplicitous and violate both the Sixth Amendment and the Double Jeopardy Clause.

### III.  COUNTS 21 THROUGH 23 OF THE INDICTMENT SHOULD BE DISMISSED AS MULTIPLICITOUS BECAUSE EACH COUNT ALLEGES CONDUCT ALREADY CHARGED IN COUNTS ONE THROUGH TEN

Counts Twenty-One through Twenty-Three each charge a violation of 18 U.S.C. § 1030(a)(2)(C) and § 1030(c)(2)(B)(ii), alleging that Mr. Weiss intentionally accessed a protected computer without authorization and obtained information. Each count is separated by database, but access to each database in Count Twenty-One, Twenty-Two, and Twenty-Three, respectively, is also already charged in Counts One through Ten.

Under Sixth Circuit law, multiplicity arises when the government divides what is a single unit of prosecution into multiple counts. *United States v. Richards*, 659 F.3d 527, 532 (6th Cir. 2011) (citing *United States v. Hart*, 70 F.3d 854, 859

6

(6th Cir. 1995) ("an indictment may not charge a single criminal offense in several counts without offending the rule against multiplicity and implicating the double jeopardy clause.")).

An indictment must enable the defendant to determine what he is being charged with, to prepare a defense, and to protect against double jeopardy. Multiplicity occurs when the same statutory violation is charged without regard to whether Congress intended each charged act to be a separate unit of prosecution; the Indictment must be understood in terms of whether Congress intended separate punishments for the underlying acts. *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008) (discussing multiplicity as "charging a single offense in more than one count" and emphasizing the unit-of-prosecution inquiry).

"[T]he general test for compliance with the double jeopardy clause looks to 'whether *each* provision requires proof of a fact which the other does not.'" *United States v. Davis*, 306 F.3d 398, 417 (6th Cir. 2002) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

Here, Count Twenty-Two alleges unauthorized access to Technology Provider #1 in violation of 18 U.S.C. § 1030(a)(2)(c) and (c)(2)(B)(ii). However, Counts Two, Seven, Eight, Nine, and Ten already also allege unauthorized access to Technology Provider #1 in violation of 18 U.S.C. § 1030(a)(2)(c) and (c)(2)(B)(ii). Thus, there is no element needed to prove Count Twenty-Two that would not already

be satisfied if any one of Counts Two, Seven, Eight, Nine or Ten were proven, respectively.

Similarly, Count Twenty-Three alleges unauthorized access to the University of Michigan and its email provider in violation of 18 U.S.C. § 1030(a)(2)(c) and (c)(2)(B)(ii).  However, Count Four already alleges unauthorized access to the University of Michigan and its email provider in violation of 18 U.S.C. § 1030(a)(2)(c) and (c)(2)(B)(ii).  Thus, there is no element needed to prove Count Twenty-Three that would not already be satisfied if Count Four were proven.

Finally, Count Twenty-One takes the same allegations already "incorporated by reference" into Counts One through Ten (PageID.4, ¶ 15), and charges the same unauthorized-access again as a separate count.  By separating the alleged Keffer access into a distinct count while explicitly incorporating it elsewhere, the Indictment fragments an alleged single course of criminal conduct into multiple counts, risking multiple convictions and punishments for the same offense.

These defects cannot be cured by jury instructions. The proper remedy is dismissal of the multiplicitous counts.  Allowing these counts to proceed to trial would itself violate the Double Jeopardy Clause by exposing the defendant to multiple convictions for the same offense.

8

### IV. THE COURT SHOULD DISMISS COUNTS ONE, TWO, SIX, EIGHT, NINE, ELEVEN, TWELVE, SIXTEEN, EIGHTEEN, NINETEEN, TWENTY-ONE, AND TWENTY-TWO FOR IMPROPER VENUE OR REQUIRE THE GOVERNMENT TO PROVE VENUE AT TRIAL

"Venue is proper in the state or district where the offense was committed." *See United States v. Crozier*, 259 F.3d 503, 519 (6th Cir. 2001); *United States v. Davis*, 531 F. App'x. 601, 605 (6th Cir. 2013); *see also*, Fed. R. Crim. P. 18. Venue must be assessed in relation to the actions made unlawful by the relevant statute: "[T]he locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *See United States v. Cabrales*, 524 U.S. 1, 6, 118 S. Ct. 1772, 1776, 141 L. Ed. 2d 1 (1998) (quoting *United States v. Anderson*, 328 U.S. 699, 703, 66 S. Ct. 1213, 90 L. Ed. 1529 (1946)). In an unauthorized-access case, venue lies only where the essential conduct element—accessing the computer—occurred, namely where the defendant performed the access or where the accessed computer (server) was located. *United States v. Auernheimer*, 748 F.3d 525, 533–36 (3d Cir. 2014).

Venue for Counts One, Two, Six, Eight, Nine, Eleven, Twelve, Sixteen, Nineteen, Twenty-One, or Twenty-Two is not proper in the Eastern District of Michigan. None involve any servers in the Eastern District of Michigan and none allege any specific access time or location. Counts One, Six, Eleven, and Sixteen are described in the Indictment as being related to an "Unknown Technology

Provider." These counts also do not allege any specific time or location, and with the service provider that was allegedly accessed also being unknown, there is no allegation of server location in the Eastern District of Michigan. Allegations that an offense occurred "in the Eastern District of Michigan and elsewhere" are insufficient where no essential conduct element is alleged to have occurred in this District. The Government bears the burden to prove venue is proper for these counts by a preponderance of the evidence.

## V.   CONCLUSION

Accordingly, the Court should dismiss the Counts of the Indictment discussed above as duplicitous, multiplicitous, and for lack of venue.

Respectfully submitted,

/s/ David Benowitz
David Benowitz
Paulette Pagan
Price Benowitz LLP
409 7th Street, NW
Suite 300
(202) 271-5249
David@PriceBenowitz.com
Paulette@PriceBenowitz.com

10

Dated: December 15, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December 2025, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Timothy Wyse at the United States Attorney's Office.

/s/ David Benowitz
David Benowitz