| AUSA: | Timothy J. Wyse | Telephone: | ▉▉▉▉ |
|---|---|---|---|
| AO 106 (Rev. 04/10) Application for a Search Warrant    Special Agent: | Kelly Reller | Telephone: | ▉▉▉▉ |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.   Case: 2:23-mc-50666-1 |
| ELECTRONIC DEVICES CURRENTLY LOCATED AT | ) | Assigned To : Hood, Denise Page |
| 1239 KIPKE DRIVE, ANN ARBOR, MICHIGAN 48109 | ) | Assign. Date : 3/27/2023 |
| | ) | SEALED MATTER (LH) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See ATTACHMENT A.

located in the _____Eastern_____ District of _____Michigan_____ , there is now concealed *(identify the person or describe the property to be seized):*
See ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | *Offense Description* |
|---|---|
| 18 U.S.C. § 1030 | Computer fraud and abuse |

The application is based on these facts:
See attached AFFIDAVIT.

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*I hereby certify that the foregoing is a certified copy of the original on file in this office.*

**Clerk, U.S. District Court**
**Eastern District of Michigan**

By: *L. Hosking*
Deputy

_____
*Applicant's signature*

Kelly Reller - Special Agent
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date:   March 27, 2023

City and state:  Detroit, MI

_____
*Judge's signature*

Anthony P. Patti    U. S. Magistrate Judge
*Printed name and title*

**GOVERNMENT EXHIBIT**

**7**

Protected Discovery

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ELECTRONIC DEVICES CURRENTLY LOCATED AT 1239 KIPKE DRIVE, ANN ARBOR, MICHIGAN 48109 | Case No. |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR
A WARRANT TO SEARCH AND SEIZE**

I, Kelly Mae Reller, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since 2022. I am currently assigned to the FBI's Detroit Cyber Division, which is responsible for investigating violations of federal law involving computers and related technologies, including network breaches, malicious

software activity, and internet-related fraud. I have a Bachelor of Arts degree in American Studies and have received specialized training in the FBI relevant to the investigation of computer-related crimes.

3.      This affidavit is intended to show only that there is sufficient probable cause under 18 U.S.C. § 1030, computer fraud and abuse, for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

4.      The property to be searched includes:

    a.   One black Motorola cellular phone; obtained from Matthew Weiss' Schembechler Hall office pursuant to State of Michigan Search Warrant 2390300063 (1);

    b.   One gray Apple iPad, serial number GG7DX7EHQ1KY; obtained from Weiss' Schembechler Hall office pursuant to State of Michigan Search Warrant 2390300063 (1);

    c.   One black Seagate external hard disk drive, serial number NA7SBYXY; obtained from Weiss' Schembechler Hall office pursuant to State of Michigan Search Warrant 2390300063 (1);

Weiss_000000005910

Protected Discovery

d.  One gray Western Digital external hard drive with white tag on cord, serial number WXPIC5268565; obtained from Weiss' Schembechler Hall office pursuant to State of Michigan Search Warrant 2390300063 (1);

e.  One black Apple iPhone; obtained from Weiss' Schembechler Hall office pursuant to State of Michigan Search Warrant 2390300063 (1);

f.  One black Apple iPhone Max; obtained from Weiss' Schembechler Hall office pursuant to State of Michigan Search Warrant 2390300063 (1);

g.  One gray Apple MacBook Pro computer, serial number C02XP8XTG5J; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

h.  One black SanDisk Cruzer 4GB USB drive; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

i.  One blue USB drive, "asci" written on it; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

3

Weiss_000000005911

j.  One 8GB SanDisk SD card; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

k.  One 16GB Sony SD Card; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

l.  One Toshiba hard disk drive, serial number 28N4TNOQT0ZF; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

m.  One Apple iPad, serial number DLXMK1Q3FK12; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

n.  One silver Western Digital External Hard Drive, serial number WXM1E83CJSW3; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

o.  One HP ProDesk 600 computer, serial number 2UA4371F39; obtained from Weiss' Schembechler Hall office pursuant to UM's Information Security Incident Reporting policy and turned over to University of Michigan Police Department (UMPD);

Weiss_000000005912

p. One HP ProDesk 600 computer, serial number 2UA4431ZFS;
obtained from the Schembechler Hall quarterback meeting room
pursuant to UM's Information Security Incident Reporting policy and
turned over to UMPD;

q. The contents of University of Michigan (UM) Information
Technology Services (ITS) electronic devices, encryption keys, logs
and reports, obtained from UM ITS, pursuant to State of Michigan
Search Warrant 2390300063 (4), contained on CARGILL-
CYBERCRIMES forensic computer, device ID D3BF44C5-1570-
4773-8524-EFEF8182F4FB;

r. The contents of Matthew Weiss's UM accounts, obtained from UM
ITS pursuant to State of Michigan Search Warrant 2390300063 (14),
contained on CARGILL-CYBERCRIMES forensic computer, device
ID D3BF44C5-1570-4773-8524-EFEF8182F4FB;

s. The contents of an Inteliquent, Inc., return, obtained pursuant to State
of Michigan Search Warrant 2390300063 (9), for the phone number
███████████ between the dates of August 29, 2022, and January 15,
2023, contained on HP Elitebook, device name DPS-5CG9085S9H;

5

t.  The contents of a Plivo, Inc., return, obtained pursuant to State of
Michigan Search Warrant 2390300063 (8), for the phone number ███
█████ between the dates of August 29, 2022, and January 5, 2023,
contained on HP Elitebook, device name DPS-5CG9085S9H;

u.  The contents of a Plivo, Inc., return, obtained pursuant to State of
Michigan Search Warrant 2390300063 (12), for the phone numbers
██████ and █████ between the dates of December 20,
2022, and December 25, 2022, contained on HP Elitebook, device
name DPS-5CG9085S9H; and

v.  The contents of an Apple, Inc. return, obtained pursuant to State of
Michigan Search Warrant 2390300063 (10), for the Apple user
identified as Matthew Eric Weiss (Address: ████████
██████, ███████████, ███████████, Phone Number: ██████)
between the dates of August 29, 2022, through January 5, 2023,
contained on the CARGILL-CYBERCRIMES forensic computer,
device ID D3BF44C5-1570-4773-8524-EFEF8182F4FB;

6

Protected Discovery

hereinafter the "Devices." The Devices are currently located at the University of Michigan Division of Public Security and Safety, 1239 Kipke Drive, Ann Arbor, Michigan 48109.

5.      The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6.      On or about January 5, 2023, the University of Michigan Police Department (UMPD) was notified by University of Michigan Information Technology Services (UM ITS) of the password resets of 46 University of Michigan (UM) alumni email accounts by a threat actor between December 21 and 23, 2022. Of these 46 victim accounts, 29 were successfully accessed by the threat actor. The other 17 victim accounts had their passwords reset, but the threat actor's attempts to access the accounts were foiled by two-factor authentication, as described below.

7.      The compromises were due to a vulnerability in the UM self-service account recovery application. This application allows users to reset the password to

Weiss_000000005915

their UM email account by going to a "forgot password" page.[1] To use the account recovery application, a user is required to enter his or her username, known as a Uniqname. The user is then prompted to verify his or her identity by providing either the user's date of birth or UM ID number (UMID).[2] The user then reaches the "Get a Code" page, which prompts the delivery of a code to the recovery phone number or recovery email account associated with the user's account. The user is required to enter the correct code before finally entering a new password on a password reset page.

8.      The vulnerability in the UM self-service account recovery application allowed for a threat actor, once verified, to retain his or her verified session and forgo resetting his or her own password. Instead, the threat actor could backtrack in his or her browser to the first step of the account recovery process. Once there, the threat actor could enter another user's Uniqname. The next step would prompt the threat actor to verify his or her identity with a date of birth or UMID. Rather than entering this information, the threat actor could manually change the URL in the browser search bar to that of the password reset page, jumping to the final step of

---

[1] The "forgot password" page can be found here: https://accounts.it.umich.edu/password/forgot

[2] A UMID is an eight-digit unique identifying number assigned to UM employees, students and alumni.

Weiss_000000005916

the password reset process. Upon reaching the password reset page, the threat actor

could reset the account password.

9.     The password resets of the 46 UM alumni accounts between

December 21 and 23 were attributed by UM ITS to IP addresses 141.213.158.165

(device name M-2UA4371F39) and 141.213.158.133 (device name A-

2UA4431ZFS), both of which are computers associated with UM Athletics

Department that were located at Schembechler Hall, the site of UM's football

program offices, during the time of the compromises.

### Password Resets Session 1

10.     Between 10:33 AM and 12:55 PM on December 21, the first nine

alumni account passwords were reset by M-2UA4371F39, the office computer

assigned to UM football co-offensive coordinator coach Matthew Weiss. The user

logged in to Weiss' office computer at this time was "███████," which is the UM

Uniqname associated with Weiss. UM ITS found this account was often left logged

in for days at a time. After the threat actor reset these passwords, he or she

successfully accessed all nine accounts.

11.     Surveillance footage from Schembechler Hall on December 21 shows

Weiss entering his office via its only entrance at 10:09 AM. He does not exit his

Weiss_000000005917

office until 1:13 PM.



Surveillance camera footage of Weiss entering his
Schembechler Hall office, 10:09 AM, December 21, 2022



Surveillance camera footage of Weiss exiting his office,
1:13 PM, December 21, 2022

12.     The password resets began at 10:33 AM when the threat actor, using

M-2UA4371F39, visited the UM password recovery page. This visit was used to

verify Uniqname "██████" The user successfully verified the account by entering

in Weiss' correct date of birth and the correct verification code, which was sent by

SMS to the account's associated recovery phone number, ██████████, a phone

10

Protected Discovery

number belonging to Weiss.[3] The user was then prompted to set a new password for ▮▮▮▮▮." The user did not reset the password for Weiss' account. Rather, the user backtracked to change the session's Uniqname to that of a UM alum. From there, the user was able to use the verified session to reset the password to that alum's account, rather than the password for "▮▮▮▮." The threat actor then used the new password to successfully access the first victim account.

13.     The recovery codes used to change the first three passwords on December 21 were all generated for Uniqname "▮▮▮▮" and sent to Weiss' phone number. After resetting these victim account passwords, the threat actor changed the recovery phone numbers for two of the first nine victim accounts, assigning them phone numbers ▮▮▮▮▮▮ and ▮▮▮▮▮▮▮ both registered to Voice Over Internet Protocol (VOIP) service providers.[4]

14.     After using Weiss' Uniqname and phone number to reset the first three victim account passwords, the threat actor began using victim account Uniqnames and their now-altered recovery phone numbers to receive SMS

---

[3] A March 11, 2023, Accurint search identified telephone number ▮▮▮▮▮▮ as belonging to Matthew Eric Weiss. Accurint is an online subscription database that accumulates information from public and proprietary sources.

[4] VOIP is a technology that allows a user to make voice calls using an internet connection, rather than a traditional phone line connection.

Weiss_000000005919

verification codes, create verified password reset sessions, and then reset the passwords of subsequent victim accounts.

## **Password Resets Session 2**

15.     Beginning at 2:40 PM on December 21, the threat began a second session of resetting victim account passwords, this time using A-2UA4431ZFS, a computer located in the quarterback meeting room at Schembechler Hall. The user logged in to A-2UA4431ZFS at this time was ███████" a shared account used by UM football coaches.

16.     Between 2:40 PM and 7:55 PM, the passwords of 25 additional alumni accounts were reset by A-2UA4431ZFS. Seventeen victim accounts were then successfully accessed by A-2UA4431ZFS.

17.     The threat actor attempted to log in to the remaining eight victim accounts from this session, but was unsuccessful due to DUO two-factor authentication enabled on these accounts. Login attempts on those accounts prompted a DUO push notification, a call or a PIN requirement from the DUO app

12

on the victim's smart phone or tablet. The victim's confirmation using DUO was required to access the account.[5]

18.     Surveillance footage from Schembechler Hall on December 21 shows Weiss exiting his office and entering the quarterback meeting room at 2:37 PM.



Surveillance camera footage of Weiss entering the Schembechler
Hall quarterback meeting room, 2:37 PM, December 21, 2022

19.     A second individual can be seen entering the quarterback meeting room at 3:42 PM and leaving with a box seconds later. At 5:10 PM, Weiss is seen leaving the quarterback meeting room and entering his office. He enters the

---

[5] Further information about DUO on UM accounts can be found here: https://safecomputing.umich.edu/two-factor-authentication

Weiss_000000005921

quarterback meetings room again at 6:07 PM and remains there until 8:01 PM.



Surveillance camera footage of Weiss exiting the quarterback
meeting room, 8:01 PM, December 21, 2022

## **Password Resets Session 3**

20.    Between 8:01 PM and 8:16 PM on December 22, the passwords of
two alumni accounts were reset by A-2UA4431ZFS and then successfully accessed
by that device. The user logged in to the computer at this time was "███████████"
The threat actor continually used previously compromised victim accounts with a
reassigned VOIP recovery phone number to reset the passwords of new victim
accounts.

21.    December 22 surveillance footage from Schembechler Hall shows
Weiss entering the quarterback meeting room at 8:00 PM and exiting the room at
8:28 PM.

14



Surveillance camera footage of Weiss entering the
quarterback meeting room, 8:00 PM, December 22, 2022

## Password Resets Session 4

22.     Between 5:55 PM and 6:30 PM on December 23, 2022, the passwords
of 10 alumni accounts were reset by A-2UA4431ZFS. The user logged in to A-
2UA4431ZFS at this time was " ███████ " Two accounts were then successfully
accessed by the threat actor. One of these accessed accounts had already had its
password reset on December 21 by the threat actor using A-2UA4431ZFS.

23.     The threat actor attempted to log in to the remaining nine victim
accounts from this session, but was unsuccessful due to DUO two-factor
authentication in place on those accounts.

24.     December 23 surveillance footage from Schembechler Hall shows
Weiss entering the quarterback meeting room at 5:53 PM and exiting the room at

15

7:14 PM.



Surveillance camera footage of Weiss entering the
quarterback meeting room, 5:53 PM, December 23, 2022



Surveillance camera footage of Weiss exiting the
quarterback meeting room, 7:14 PM, December 23, 2022

**UM ITS Randomizes Victim Account Passwords**

25.     On the evening of December 23, UM ITS fixed the vulnerability that

allowed alum account password resets and randomized the passwords of victim

accounts. Randomizing the passwords prevented any further access by the threat

actor. According to UM's Information Security Incident Reporting policy, UM

Information Assurance, the security provider for UM ITS, may take appropriate

steps to preserve forensic evidence following an information security incident.

16

After being contacted by UM ITS, UM Athletics Information Technology (IT) employee ████████ directed UM Athletics videographer ████████ to pull Weiss' office computer and the quarterback meeting room computer. ████ removed the devices on December 24 and placed them in the videographer room at Schembechler Hall. The computers were picked up by UM Athletics IT that day and turned over to UMPD on January 6.

### Attempted Access of Victim Accounts

26.     Between 3:40 PM and 3:41 PM on December 25, 2022, the UM Athletics Department laptop assigned to UM football tight end coach ████ ████ (device name A-5H1GFB3), was used to attempt to access a victim alumni account. A-5H1GFB3 was assigned IP Address 67.194.4.54, and the user logged in at the time was "████████ The login attempts were unsuccessful due to password randomization.

27.     December 25 surveillance footage from Schembechler Hall shows Weiss going between his and ████████ offices at 3:38 PM and 3:42 PM.

17

Weiss_000000005925



Surveillance camera footage of Weiss exiting his office and walking toward ███████'s office, 3:38 PM, December 25, 2022

28.    At 4:24 PM on December 25, a fourth IP address, 141.213.158.85 (device name M-2UA4511VP2), was used to attempt to access the same alumni account. This device is a UM Athletics Department desktop computer that was located in the Schembechler Hall tight end meeting room, and the user logged in at the time was ███████████ The login attempts were unsuccessful due to password randomization.

29.    December 25 surveillance footage from Schembechler Hall shows Weiss walking in the direction of the tight end meeting room at 4:18 PM. He returns from the area of the tight end meeting room and enters his office at 4:24 PM.

18



Surveillance camera footage of Weiss returning to his office from the direction of the tight end meeting room, 4:24 PM, December 25, 2022

30. Access to a victim's email UM email account would allow the threat actor to access the victim's UM email content, account settings, and the account's associated UM Google products, including Drive, Photos, and other services. This would include any photos, videos or other content backed up from a victim's cell phone or other device to their UM Google Drive, including content that was shared with the victim.

31. Additionally, if a victim used their UM email account as a recovery or two-factor authentication source for social media, banking or other online accounts, the threat actor could also have the ability to reset those account passwords if they obtained the victim's username.

32. In reviewing log activity of the computers, UM ITS found folders of images labeled with names similar to victim account holders were transferred to one or more removable storage device(s) from M-2UA4371F39 (Weiss' office

19

computer) on December 21, 2022, at 8:03 PM, and from A-2UA4431ZFS (the

quarterback meeting room computer) on December 23, 2022, at 7:27 PM.

33.    December 21 surveillance footage from Schembechler Hall shows

Weiss running back to his office at 8:03 PM and exiting his office less than a

minute later.



Surveillance camera footage of Weiss entering his office,
8:03 PM, December 21, 2022

34.    December 23 surveillance footage from Schembechler Hall shows

Weiss leaving his office at 7:25 PM and entering the quarterback meeting room

holding an object with a cable and white tag. Weiss leaves the quarterback meeting

Weiss_000000005928

room at 7:30 PM, carrying the same object.



Surveillance camera footage of Weiss walking from his office to the
quarterback meeting room, 7:25 PM, December 23, 2022



Surveillance camera footage of Weiss walking from the quarterback
room to his office, 7:30 PM, December 23, 2022

35.     On January 6, 2023, UMPD obtained Weiss' Schembechler Hall

office computer and the quarterback meeting room computer. UMPD obtained a

Weiss_000000005929

warrant for the forensic examination of these devices on January 11.[6] Based on my training and experience, the devices used to reset passwords for the victim accounts and access victim accounts may contain evidence of the crimes committed using those devices, including activity demonstrating the password resets, access to victim accounts by the threat actor, and writing victim data files from the device to external device(s).

36.    Pursuant to a search warrant issued by the State of Michigan,[7] UMPD obtained evidence from Weiss' Schembechler Hall office on January 10, 2023. This evidence included a Motorola cell phone and two iPhones, which were identified as by Weiss as his work cell phone and personal cell phone. An iPad and two external hard drives were also obtained from Weiss' office.

37.    UMPD also obtained evidence from Weiss' personal residence on January 10, pursuant to a search warrant[8] issued by the State of Michigan. Among this evidence was a MacBook Pro computer, an iPad, and two SD cards from a digital camera and video camera. Also obtained were two USB drives and two

---

[6] Reference Search Warrant 2390300063 (5)

[7] Reference Search Warrant 2390300063 (1)

[8] Reference Search Warrant 2390300063 (6)

22

external hard drives. These items were located in rooms in Weiss' residence to which he had access. A paper note with a passcode written on it was also obtained.

38.     UMPD obtained warrants for the forensic examination of the devices obtained from Weiss' office and residence on January 11 and 20, 2023, and on February 2, 2023.[9]

39.     Based on my training and experience, I have learned that once cyber criminals have stolen private victim data, they may relocate victim data to their personal devices to avoid detection on a workplace machine. I am also aware that cyber criminals may make copies of stolen victim data in effort to protect the data from loss and/or make it more easily accessible. Cyber criminals may do this by writing the victim data from one digital device to an external digital device, and either transfer it to a different device or store it on the external device. I have also learned that cyber criminals may take measures to protect stolen victim data, including password-protecting devices that store this data.

40.     Pursuant to search warrants issued by the State of Michigan, UMPD obtained logs and records from UM ITS[10] and the contents of Weiss' UM accounts

---

[9] Reference Search Warrants 2390300063 (7), UMPD 2390300063 (11), and 2390300063 (13)

[10] Reference Search Warrant 2390300063 (4)

Weiss_000000005931

from UM ITS.[11] Based on my training and experience, I have learned internet use history, bookmarks, account access logs, stored files, firewall logs, and email account content, among other records, can show the user's activity and his or her state of mind at the time criminal activity took place.

41.    Records for phone numbers ▇▇▇▇▇▇ and ▇▇▇▇▇▇ and Apple iCloud information for account(s) associated with Matthew Weiss, Weiss' addresses or phone number ▇▇▇▇▇[3] were obtained by UMPD pursuant to search warrants issued by the State of Michigan. Based on my training and experience, I have learned phone records can contain subscriber information that identifies the individual registered to a phone number at a given time. Additionally, the contents of an Apple iCloud account may contain account logs, location information, messages, internet activity, photos, videos, documents, and phone backups, among other records. These records may include evidence of unauthorized access to victim accounts, including research on accessing victim accounts, storage of victim files, or communication with co-conspirators.

---

[11] Reference Search Warrant 2390300063 (14)

[12] Reference Search Warrants 2390300063 (8), 2390300063 (9), and 2390300063 (12)

[13] Reference Search Warrant 2390300063 (10)

Weiss_000000005932

42.    For the reasons stated above, I believe probable cause exists that the electronic devices and records obtained by UMPD will contain evidence of intrusions of the victim accounts under 18 U.S.C. § 1030, computer fraud and abuse. The Devices are currently in the lawful possession of UMPD. They came into UMPD's possession pursuant to search warrants issued by the State of Michigan. Therefore, while UMPD might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

43.    The Devices are currently located at the University of Michigan Division of Public Security and Safety, 1239 Kipke Drive, Ann Arbor, Michigan 48109. In my training and experience, I know that the Devices have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of UMPD.

## TECHNICAL TERMS

44.    Based on my training and experience, I use the following technical terms to convey the following meanings:

Weiss_000000005933

a. Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless devices used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the devices.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital

Weiss_000000005934

cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c.  GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly

27

Protected Discovery

available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

d. Tablet: A tablet is a mobile computer, typically larger than a phone yet smaller than a notebook, that is primarily operated by touching the screen. Tablets function as wireless communication devices and can be used to access the Internet through cellular networks, 802.11 "wi-fi" networks, or otherwise. Tablets typically contain programs called apps, which, like programs on a personal computer, perform different functions and save data associated with those functions. Apps can, for example, permit accessing the Web, sending and receiving email, and participating in internet social networks.

e. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the internet must be assigned an IP address so that internet traffic sent

28

Weiss_000000005936

Protected Discovery

from and directed to that computer may be directed properly from its source to its destination. Most internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

f.  Internet: The internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the internet, connections between devices on the internet often cross state and international borders, even when the devices communicating with each other are in the same state.

45.  Based on my training, experience, and research, I know that the Devices are capable of the functions as described above, and/or storing the associated data. From my training and experience, I've learned examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the devices.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

46.  Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things

29

Protected Discovery

that have been viewed via the internet are typically stored for some period of time on the devices. This information can sometimes be recovered with forensics tools.

47.     There is probable cause to believe that things that were once stored on the Devices may still be stored there, for at least the following reasons:

a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating

30

Protected Discovery

system may also keep a record of deleted data in a "swap" or

"recovery" file.

c. Wholly apart from user-generated files, computer storage media—in

particular, computers' internal hard drives—contain electronic

evidence of how a computer has been used, what it has been used for,

and who has used it. To give a few examples, this forensic evidence

can take the form of operating system configurations, artifacts from

operating system or application operation, file system data structures,

and virtual memory "swap" or paging files. Computer users typically

do not erase or delete this evidence, because special software is

typically required for that task. However, it is technically possible to

delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes

automatically downloaded into a temporary Internet directory or

"cache."

48.     *Forensic evidence.* As further described in Attachment B, this

application seeks permission to locate not only electronically stored information

that might serve as direct evidence of the crimes described on the warrant, but also

forensic evidence that establishes how the Devices was used, the purpose of its use,

31

who used it, and when. There is probable cause to believe that this forensic

electronic evidence might be on the Devices because:

   a. Data on the storage medium can provide evidence of a file that was

      once on the storage medium but has since been deleted or edited, or of

      a deleted portion of a file (such as a paragraph that has been deleted

      from a word processing file). Virtual memory paging systems can

      leave traces of information on the storage medium that show what

      tasks and processes were recently active. Web browsers, email

      programs, and chat programs store configuration information on the

      storage medium that can reveal information such as online nicknames

      and passwords. Operating systems can record additional information,

      such as the attachment of peripherals, the attachment of USB flash

      storage devices or other external storage media, and the times the

      computer was in use. Computer file systems can record information

      about the dates files were created and the sequence in which they were

      created.

   b. Forensic evidence on devices can also indicate who has used or

      controlled the devices. This "user attribution" evidence is analogous

to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.   The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how devices were used, the purpose of their use, who used them, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

33

f.   I know that when an individual uses an electronic device to obtain unauthorized access to a victim account over the internet, the individual's electronic devices will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic devices was used; data that was sent or received; and other records that indicate the nature of the offense.

49.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the devices to human inspection in order to determine whether it is evidence described by the warrant.

34

50.     *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

51.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B for the crime of 18 U.S.C. § 1030, computer fraud and abuse.

Respectfully submitted,

_____
Kelly Mae Keller
Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
Anthony P. Patti        March 27, 2023
UNITED STATES MAGISTRATE JUDGE

35

## ATTACHMENT A

1.     The property to be searched includes:

   a. One black Motorola cellular phone; obtained from Matthew Weiss'
   Schembechler Hall office pursuant to State of Michigan Search
   Warrant 2390300063 (1);

   b. One gray Apple iPad, serial number GG7DX7EHQ1KY; obtained
   from Weiss' Schembechler Hall office pursuant to State of Michigan
   Search Warrant 2390300063 (1);

   c. One black Seagate external hard disk drive, serial number
   NA7SBYXY; obtained from Weiss' Schembechler Hall office
   pursuant to State of Michigan Search Warrant 2390300063 (1);

   d. One gray Western Digital external hard drive with white tag on cord,
   serial number WXPIC5268565; obtained from Weiss' Schembechler
   Hall office pursuant to State of Michigan Search Warrant 2390300063
   (1);

   e. One black Apple iPhone; obtained from Weiss' Schembechler Hall
   office pursuant to State of Michigan Search Warrant 2390300063 (1);

f.  One black Apple iPhone Max; obtained from Weiss' Schembechler Hall office pursuant to State of Michigan Search Warrant 2390300063 (1);

g.  One gray Apple MacBook Pro computer, serial number C02XP8XTG5J; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

h.  One black SanDisk Cruzer 4GB USB drive; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

i.  One blue USB drive, "asci" written on it; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

j.  One 8GB SanDisk SD card; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

k.  One 16GB Sony SD Card; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

Weiss_000000005945

l.  One Toshiba hard disk drive, serial number 28N4TNOQT0ZF;
obtained from Weiss' residence pursuant to State of Michigan Search
Warrant 2390300063 (6);

m. One Apple iPad, serial number DLXMK1Q3FK12; obtained from
Weiss' residence pursuant to State of Michigan Search Warrant
2390300063 (6);

n.  One silver Western Digital External Hard Drive, serial number
WXM1E83CJSW3; obtained from Weiss' residence pursuant to State
of Michigan Search Warrant 2390300063 (6);

o.  One HP ProDesk 600 computer, serial number 2UA4371F39;
obtained from Weiss' Schembechler Hall office pursuant to UM's
Information Security Incident Reporting policy and turned over to
University of Michigan Police Department (UMPD);

p.  One HP ProDesk 600 computer, serial number 2UA4431ZFS;
obtained from the Schembechler Hall quarterback meeting room
pursuant to UM's Information Security Incident Reporting policy and
turned over to UMPD;

3

Weiss_000000005946

q. The contents of University of Michigan (UM) Information Technology Services (ITS) electronic devices, encryption keys, logs and reports, obtained from UM ITS, pursuant to State of Michigan Search Warrant 2390300063 (4), contained on CARGILL-CYBERCRIMES forensic computer, device ID D3BF44C5-1570-4773-8524-EFEF8182F4FB;

r. The contents of Matthew Weiss's UM accounts, obtained from UM ITS pursuant to State of Michigan Search Warrant 2390300063 (14), contained on CARGILL-CYBERCRIMES forensic computer, device ID D3BF44C5-1570-4773-8524-EFEF8182F4FB;

s. The contents of an Inteliquent, Inc., return, obtained pursuant to State of Michigan Search Warrant 2390300063 (9), for the phone number ██████████ between the dates of August 29, 2022, and January 15, 2023, contained on HP Elitebook, device name DPS-5CG9085S9H;

t. The contents of a Plivo, Inc., return, obtained pursuant to State of Michigan Search Warrant 2390300063 (8), for the phone number ████ ██████████ between the dates of August 29, 2022, and January 5, 2023, contained on HP Elitebook, device name DPS-5CG9085S9H;

4

u.   The contents of a Plivo, Inc., return, obtained pursuant to State of
Michigan Search Warrant 2390300063 (12), for the phone numbers
███████████ and ███████████ between the dates of December 20,
2022, and December 25, 2022, contained on HP Elitebook, device
name DPS-5CG9085S9H; and

v.   The contents of an Apple, Inc. return, obtained pursuant to State of
Michigan Search Warrant 2390300063 (10), for the Apple user
identified as Matthew Eric Weiss (Address: ████████████
██████████, ███████████████████████
██████████████████ Phone Number: ███████████)
between the dates of August 29, 2022, through January 5, 2023,
contained on the CARGILL-CYBERCRIMES forensic computer,
device ID D3BF44C5-1570-4773-8524-EFEF8182F4FB;

hereinafter the "Devices." The Devices are currently located at the
University of Michigan Division of Public Security and Safety, 1239
Kipke Drive, Ann Arbor, Michigan 48109.

2.      The applied-for warrant would authorize the forensic examination of
the Devices for the purpose of identifying electronically stored data particularly
described in Attachment B.

5

Weiss_000000005948

## ATTACHMENT B

1.      All records on the Devices described in Attachment A that relate to

violations of 18 U.S.C. § 1030, computer fraud and abuse, and involving Matthew

Weiss, including victim information, how victim information was obtained, and

records of how victim information was used, including:

    a.   content associated with victim accounts, including but not limited to,
photos, videos, audio recordings, documents, emails, and text
messages;

    b.   names of victims and related identifying information, including social
media and email accounts, telephone numbers, addresses, social
security numbers, dates of birth, links, PINs, passwords, security
questions and/or answers, and other personally identifying
information;

    c.   any information related to sources or distribution of victims' account
content and/or personally identifying information (including
databases, leak sites, internet browsing history, VOIP registration
information, communication with co-conspirators or any information
identifying co-conspirators);

6

    d.   logs, reports, subscriber information, files and other content obtained by UMPD pursuant to search warrants issued by the State of Michigan, to be reviewed to determine user access times, user identity, user activity, and;

    e.   records evidencing the use of the Internet Protocol addresses 141.213.158.165, 141.213.158.133, 67.194.4.54, and 141.213.158.85 to communicate with the UM self-service account recovery application and UM accounts between December 21 and December 25, 2022, including IP addresses used and times of activity;

2.    Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.    Records of internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses connected to victims, victim accounts or exploitation of the UM account password reset vulnerability

Weiss_000000005950

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

8

**ATTACHMENT A**

1.    The property to be searched includes:

a.   One black Motorola cellular phone; obtained from Matthew Weiss'
Schembechler Hall office pursuant to State of Michigan Search
Warrant 2390300063 (1);

b.   One gray Apple iPad, serial number GG7DX7EHQ1KY; obtained
from Weiss' Schembechler Hall office pursuant to State of Michigan
Search Warrant 2390300063 (1);

c.   One black Seagate external hard disk drive, serial number
NA7SBYXY; obtained from Weiss' Schembechler Hall office
pursuant to State of Michigan Search Warrant 2390300063 (1);

d.   One gray Western Digital external hard drive with white tag on cord,
serial number WXPIC5268565; obtained from Weiss' Schembechler
Hall office pursuant to State of Michigan Search Warrant 2390300063
(1);

e.   One black Apple iPhone; obtained from Weiss' Schembechler Hall
office pursuant to State of Michigan Search Warrant 2390300063 (1);

Weiss_000000005952

f.  One black Apple iPhone Max; obtained from Weiss' Schembechler Hall office pursuant to State of Michigan Search Warrant 2390300063 (1);

g.  One gray Apple MacBook Pro computer, serial number C02XP8XTG5J; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

h.  One black SanDisk Cruzer 4GB USB drive; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

i.  One blue USB drive, "asci" written on it; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

j.  One 8GB SanDisk SD card; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

k.  One 16GB Sony SD Card; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

2

Weiss_000000005953

l.  One Toshiba hard disk drive, serial number 28N4TNOQT0ZF; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

m. One Apple iPad, serial number DLXMK1Q3FK12; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

n.  One silver Western Digital External Hard Drive, serial number WXM1E83CJSW3; obtained from Weiss' residence pursuant to State of Michigan Search Warrant 2390300063 (6);

o.  One HP ProDesk 600 computer, serial number 2UA4371F39; obtained from Weiss' Schembechler Hall office pursuant to UM's Information Security Incident Reporting policy and turned over to University of Michigan Police Department (UMPD);

p.  One HP ProDesk 600 computer, serial number 2UA4431ZFS; obtained from the Schembechler Hall quarterback meeting room pursuant to UM's Information Security Incident Reporting policy and turned over to UMPD;

3

Weiss_000000005954

q. The contents of University of Michigan (UM) Information Technology Services (ITS) electronic devices, encryption keys, logs and reports, obtained from UM ITS, pursuant to State of Michigan Search Warrant 2390300063 (4), contained on CARGILL-CYBERCRIMES forensic computer, device ID D3BF44C5-1570-4773-8524-EFEF8182F4FB;

r. The contents of Matthew Weiss's UM accounts, obtained from UM ITS pursuant to State of Michigan Search Warrant 2390300063 (14), contained on CARGILL-CYBERCRIMES forensic computer, device ID D3BF44C5-1570-4773-8524-EFEF8182F4FB;

s. The contents of an Inteliquent, Inc., return, obtained pursuant to State of Michigan Search Warrant 2390300063 (9), for the phone number ███████████ between the dates of August 29, 2022, and January 15, 2023, contained on HP Elitebook, device name DPS-5CG9085S9H;

t. The contents of a Plivo, Inc., return, obtained pursuant to State of Michigan Search Warrant 2390300063 (8), for the phone number ███ ███████ between the dates of August 29, 2022, and January 5, 2023, contained on HP Elitebook, device name DPS-5CG9085S9H;

4

u.  The contents of a Plivo, Inc., return, obtained pursuant to State of Michigan Search Warrant 2390300063 (12), for the phone numbers ████████████ ████████████ between the dates of December 20, 2022, and December 25, 2022, contained on HP Elitebook, device name DPS-5CG9085S9H; and

v.  The contents of an Apple, Inc. return, obtained pursuant to State of Michigan Search Warrant 2390300063 (10), for the Apple user identified as Matthew Eric Weiss (Address: ██████████████ ████████████████████████████ ████████████████████ Phone Number: ████████████) between the dates of August 29, 2022, through January 5, 2023, contained on the CARGILL-CYBERCRIMES forensic computer, device ID D3BF44C5-1570-4773-8524-EFEF8182F4FB;

hereinafter the "Devices." The Devices are currently located at the University of Michigan Division of Public Security and Safety, 1239 Kipke Drive, Ann Arbor, Michigan 48109.

2.      The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

5

## ATTACHMENT B

1.      All records on the Devices described in Attachment A that relate to violations of 18 U.S.C. § 1030, computer fraud and abuse, and involving Matthew Weiss, including victim information, how victim information was obtained, and records of how victim information was used, including:

  a.  content associated with victim accounts, including but not limited to, photos, videos, audio recordings, documents, emails, and text messages;

  b.  names of victims and related identifying information, including social media and email accounts, telephone numbers, addresses, social security numbers, dates of birth, links, PINs, passwords, security questions and/or answers, and other personally identifying information;

  c.  any information related to sources or distribution of victims' account content and/or personally identifying information (including databases, leak sites, internet browsing history, VOIP registration information, communication with co-conspirators or any information identifying co-conspirators);

6

    d.  logs, reports, subscriber information, files and other content obtained by UMPD pursuant to search warrants issued by the State of Michigan, to be reviewed to determine user access times, user identity, user activity, and;

    e.  records evidencing the use of the Internet Protocol addresses 141.213.158.165, 141.213.158.133, 67.194.4.54, and 141.213.158.85 to communicate with the UM self-service account recovery application and UM accounts between December 21 and December 25, 2022, including IP addresses used and times of activity;

2.    Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.    Records of internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses connected to victims, victim accounts or exploitation of the UM account password reset vulnerability

Weiss_000000005958

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

Weiss_000000005959

| | AUSA: | Timothy J. Wyse | Telephone: | ▮▮▮ |
|---|---|---|---|---|
| AO 93 (Rev. 11/13) Search and Seizure Warrant | Special Agent: | Kelly Reller | Telephone: | ▮▮▮ |

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

ELECTRONIC DEVICES CURRENTLY LOCATED AT
1239 KIPKE DRIVE, ANN ARBOR, MICHIGAN 48109

Case No.

Case: 2:23–mc–50666-1
Assigned To : Hood, Denise Page
Assign. Date : 3/27/2023
SEALED MATTER (LH)

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Michigan _____ .
*(identify the person or describe the property to be searched and give its location):*

See ATTACHMENT A.

I hereby certify that the foregoing is a certified copy
of the original on file in this office.

**Clerk, U.S. District Court**
**Eastern District of Michigan**

By: *L. Hosking*
     Deputy

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See ATTACHMENT B, violations of:18 U.S.C. § 1030, computer fraud and abuse

**YOU ARE COMMANDED** to execute this warrant on or before _____ 4/10/2023 _____ *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _the presiding United States Magistrate Judge on duty_ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   _March 27, 2023   4:06 pm_

*Judge's signature*

City and state:   _Detroit, MI_

Anthony P. Patti        U. S. Magistrate Judge
*Printed name and title*

Weiss_000000005960

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |
|---|

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____


_____
*Executing officer's signature*


_____
*Printed name and title*