UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

vs.

Matthew Weiss

      Defendant.
_____/

Criminal No. 25-cr-20165

Hon. David M. Lawson

### Opposition to Defendant's Motion to Suppress (ECF No. 29)

Defendant Matthew Weiss seeks suppression of the "fruits" of a state court warrant obtained by the University of Michigan Police Department pursuant to the Stored Communications Act and served on Apple for the content of Weiss's iCloud accounts. Weiss claims suppression is required because Apple—unrequested by UMPD—produced data outside of the date range defined by the warrant.

The UMPD warrant, however, is irrelevant to Weiss's prosecution in federal court, which resulted from an independent FBI investigation. At the outset of its investigation, the FBI reviewed no evidence or forensic reports derived from the UMPD iCloud warrant. Instead, the FBI obtained its own warrant from a federal magistrate pursuant to Federal Rule of Criminal Procedure 41—with no date restriction—permitting it to search data-sources in the possession of UMPD, including the data that Apple produced in response to the challenged iCloud warrant.

1

Evidence from the relevant iCloud accounts that would be introduced at trial would be sourced from the FBI's search and seizure pursuant to its own warrant, which was supported by probable cause that did not incorporate any evidence obtained through the challenged UMPD warrant. Weiss's request to suppress evidence "seized" by the UMPD warrant is therefore both legally without merit and irrelevant, and his motion should be denied.

I.   **History of the relevant warrants**

The UMPD warrant challenged by Weiss was obtained on January 20, 2023. Along with its accompanying affidavit, it is attached as Exhibit 1.[1] Weiss does not dispute that the warrant's affidavit established probable cause, nor does he argue that the warrant was invalid. UMPD served the warrant on Apple; Apple's response noted that their production might contain data outside of the date range specified by the warrant. *See* Exhibit 2. The FBI never received a forensic report documenting a UMPD search of the data.

The FBI initiated its investigation of Matthew Weiss on March 3, 2023, after meeting with UMPD on February 27. Although UMPD shared the results of its investigation with the FBI, the FBI investigation proceeded independently. As an initial step, the FBI obtained a federal warrant on March 27, 2023, pursuant to

---

[1] Although the state warrant affidavit does not cite authority for its issuance, the legal authority would have been the appropriate state law as well as the Stored Communications Act, 18 U.S.C. § 2703(a).

Federal Rule of Criminal Procedure 41(c), to search (and seize evidence from) twenty-two line-items of data-sources that were then in the custody of UMPD. Weiss does not dispute that the FBI's warrant's affidavit established probable cause, nor does he argue that the warrant was invalid. That warrant, and its accompanying affidavit, are attached as Exhibit 3.

One of these sources covered by the federal warrant (Attachment A, Paragraph 1. v.) was the data provided by Apple in response to the UMPD warrant. When the warrant was obtained, that data was not even in the FBI's possession—it was not taken into the FBI's custody until April 6, 2023. *See* Exhibit 4. No evidence obtained during searches conducted pursuant to the UMPD warrant, or the separate UMPD device warrants challenged by Weiss in ECF No. 25, was included in the FBI's affidavit. *See* Exhibit 3.

Weiss's unsupported assertion that the FBI relied on evidence obtained by UMPD in violation of the terms of their warrant, ECF No. 29, PageID.143, is incorrect; the images he references were identified by the FBI during its search pursuant to the federally obtained warrant. *See* Exhibit 5.

II.   **Argument**

Aside from the fatal flaw that he does not even identify a constitutional violation by UMPD, Weiss's motion fails because—just as in his earlier filed motion to suppress (ECF No. 25)—his focus on a UMPD-obtained warrant refuses to

3

confront (1) that the FBI initiated a separate investigation, independent of UMPD, and (2) that the probable cause supporting the relevant FBI warrant did not include any information obtained from the challenged UMPD warrant.

As with his earlier filed motion, Weiss is attempting to create precedent that any data-source lawfully in the possession of federal law enforcement would be forever immune to legal process because of a potentially flawed warrant earlier obtained by state law-enforcement—even if federal law enforcement conducted an independent investigation decoupled from evidence obtained through the earlier state warrant. Such a ruling would be unprecedented, and it would be contrary to a core tenet of the exclusionary rule: the maxim that application of the rule should only place the government in the *status quo ante* prior to the constitutional violation. *See*, *e.g.*, *Murray v. United States*, 487 U.S. 533, 541 (1988) (plurality opinion); *United States v. Jenkins*, 396 F.3d 751, 758 (6th Cir. 2005). *See also Silverthorne Lumber Co. Inc.*, 251 U.S. at 392 (emphasizing that facts obtained initially through unconstitutional searches do not forever become "sacred and inaccessible.").

### A. The data produced by Apple was lawfully in the possession of UMPD and lawfully transferred to the FBI

The legal status of the data in question is not disputed. It was lawfully obtained by UMPD in response to a warrant served on Apple. The scope of the production to UMPD was not directed by UMPD; Apple was provided a copy of the warrant—

4

which included the applicable date range—and it was Apple that produced data in excess of that range. *See* Exhibit 2. No excess data was requested by UMPD.

Once the data was delivered to UMPD by Apple, the data was lawfully in UMPD's possession, regardless of the overproduction by Apple that may have required UMPD to cabin their review pursuant to a warrant obtained by the Stored Communications Act.

UMPD lawfully transferred the data received from Apple to the FBI as a result of the federally obtained warrant. *See* Exhibit 4. At this point, the overproduction by Apple became irrelevant: the federal warrant authorized the search of the data produced by Apple without any date restriction.

**B. The FBI's Rule 41 warrant did include a date restriction and did not rely on any content obtained by the UMPD warrant**

The FBI's federal warrant was obtained, not pursuant to the Stored Communications Act, but Federal Rule of Criminal Procedure 41(c). *See* Exhibit 3. The FBI did not re-tread UMPD's request *to* Apple; it obtained permission for an independent search of the data *provided by* Apple that was in the legal possession of UMPD. Because the federal warrant did not include a date range restriction, it was not subject to the temporal limitations imposed by the UMPD warrant served on Apple.

The probable cause contained in the FBI's affidavit did not rely on any information obtained by either UMPD's iCloud warrant or the UMPD device

warrant separately challenged by Weiss. Weiss's flawed assumption that the FBI relied on images obtained by UMPD in violation of the UMPD warrant undermines his legal argument for suppression. Because the federal warrant's affidavit did not rely on any challenged evidence for probable cause, it is not derivative of the UMPD warrant and cannot be invalidated through tainted information. *See*, *e.g.*, *United States v. Karo*, 468 U.S. 705, 719 (1984) ("However, if sufficient untainted evidence was presented in the warrant affidavit to establish probable case, the warrant was nevertheless valid."); *United States v. Santiago*, 134 F.4th 1235, 1240-41 (10th Cir. 2025); *United States v. Mora*, 989 F.3d 794, 799 (10th Cir. 2021) ("So, if a search warrant affidavit contains information obtained through a prior unlawful search, we must excise that information and consider the adequacy of the affidavit anew"); *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (explaining that precedent supports "an interpretation of the independent source rule that incorporates consideration of the sufficiency of the untainted affidavit to see if probable cause exists without the tainted information"); *United States v. Campbell*, 878 F.2d 170, 172 (6th Cir. 1989).

C. **On these facts, no legal theory supports suppression**

Because the federal government obtained a separate warrant decoupled from any potentially tainted information and not derivative of the UMPD warrant, there is no legal theory that can suppress evidence that it uncovered. *See*, *e.g.*, *United*

*States v. McClain*, 444 F.3d 556, 564 (6th Cir. 2005) (only "evidence obtained subsequent to ***and as a consequence of*** an illegal search" is subject to possible exclusion as fruit of the poisonous tree) (emphasis added); *United States v. Gordon*, 346 F. Supp. 3d 999, 1006 (E.D. Mich. 2018) ("if later obtained evidence does not grow from the bough of the poisoned tree, it cannot fairly be considered its fruit.").

Weiss's case law is wholly inapposite. The facts of those cases, and therefore the extrapolation of their holdings, require the violation of a terms of a warrant by the agency that obtained it—which is not the case here. The FBI did not obtain the warrant that Weiss challenges. And the FBI's search did not violate the terms of the warrant that it independently obtained.

Ruling in Weiss's favor would require a holding immunizing a source of data from future searches expanding the scope of a previously issued warrant. Such a holding would be unprecedented—indeed, it would be the opposite of existing law. Law enforcement routinely obtains follow-up warrants to expand the scope of initially seized data. And, even in the cases involving a prior constitutional violation, it is axiomatic that invalidation of a search cannot put the government in a worse position than it was prior to that search. *See, e.g.*, *Murray v. United States*, 487 U.S. 533, 541 (1988) (plurality opinion); *United States v. Jenkins*, 396 F.3d 751, 758 (6th Cir. 2005). *See also Silverthorne Lumber Co. Inc.*, 251 U.S. at 392 (emphasizing

that facts obtained initially through unconstitutional searches do not forever become "sacred and inaccessible.").

Were the UMPD warrant (or a search pursuant to that warrant) be found to be Constitutionally invalid, the FBI would therefore be entitled to rewind the clock to the point prior to the violation and seek a warrant based on untainted probable cause. Weiss has not established that such a Constitutional violation occurred. But, if it did, the FBI's decision to obtain a new warrant for the Apple-produced data sourced by independent probable cause would have thereby cured it.

### D. Good faith would save the federal warrant were the Court to identify any Constitutional violation requiring suppression

Finally, were the Court to somehow find that a Constitutional violation by UMPD tainted the FBI's search of the Apple-provided data, the FBI's search would be rescued by good-faith reliance on its warrant. A prior UMPD violation would not preclude the FBI from relying in good faith on its subsequently obtained warrant. *See, e.g.*, *United States v. McClain*, 444 F.3d 556, 565–66 (6th Cir. 2005); *United States v. Gordon*, 346 F. Supp. 3d 999, 1017 (E.D. Mich. 2018).

The warrant was signed by a federal magistrate and met the requirements of the Fourth Amendment's warrant clause; good faith relance is not negated by any of *Leon's* four scenarios requiring exclusion. *See Leon*, 468 U.S. at 923.

### III. Conclusion

For the reasons stated herein, defendant's motion should be denied.

                                                Respectfully submitted,

                                                JEROME F. GORGON JR.
                                                United States Attorney

                                                */s/ Timothy J. Wyse*
                                                Timothy J. Wyse
                                                Assistant U.S. Attorney
                                                211 West Fort, Suite 2001
January 30, 2026                           Detroit, Michigan 48226

## Certificate of Service

I certify that on January 30, 2026, I electronically filed this motion response for the United States with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system, which will send to counsel of record.

s/Timothy J. Wyse
Assistant United States Attorney
