UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**United States of America,**

      **Plaintiff,**

 **vs.**   **Case No. 2:25-CR-20165**

                                         **Hon. David M. Lawson**

**Matthew Weiss,**

      **Defendant.**

    1.    My name is Matthew Weiss. I submit this declaration in support of my Motion to Suppress Evidence Seized Pursuant to UMPD Warrants and the Fruits of Such Evidence (ECF No. 25).

    2.    On February 23, 2021, I was hired by the University of Michigan Athletic Department to work as a football coach.  In 2021, I worked as the Quarterbacks Coach.  In February of 2022, I was promoted to Co-Offensive Coordinator.

    3.    When I arrived in 2021, I was assigned a private office, a desktop computer, a work cell phone, and an iPad.  In 2022, I was assigned a new private office, but the desktop computer traveled with me to the new office.  All of these devices were assigned to me for the years I was employed at the University of

Michigan. These devices were never exchanged and no other person used them during this time.

4. At all times, the private office that I was assigned had a door with a lock. I possessed a key to the office. A placard with my name was located on the outside of the office near the door. The office was not used by anyone else.

5. My desktop computer was stored on the desk of my private office. My work cell phone was often located on my person and traveled with me including to my home in the evening and on personal or work trips. My work iPad was usually located in a drawer in my private office and sometimes traveled with me. The devices were accessible to me at all times and sometimes used outside of normal work hours.

6. The desktop computer in my private office, work cell phone, and iPad were each password protected, respectively. Each password was chosen by me. I did not provide the password to any of these devices to anyone else. I did not give anyone, within or outside the University of Michigan, access to the contents of any of these devices.

7. The desktop computer, work cell phone, and iPad would lock after a period of inactivity, which would then require the password to be reentered each time the device is used.

8. I used the desktop computer for film study, game planning, meeting preparation, and for other professional and personal purposes. I used my work cell

phone for both professional and personal purposes. And, I used my iPad mainly to access practice and game film when traveling.

9. I regularly accessed a personal hard drive on my desktop computer. It contained professional materials like play drawings and manuals that I created over the years. The hard drive also contained many years worth of personal files including photographs, journals, financial records, and other private information. I also used my desktop computer for both work and personal email.

10. My work cell phone contained both work and personal photographs, notes, text messages, and email correspondence.

11. I expected that the contents of my desktop computer, cell phone, and iPad would remain private and would not be exposed to anyone within or outside the University without my consent.

12. No device contained any "banner" warning against personal use.

13. During my employment, I was not aware of any instance in which a member of the IT staff, video staff, or other university employee searched the contents of another employee's work devices.

14. During my employment, I was aware that personal use of work devices was permitted by University policy, and it was the general practice of employees to use work devices for normal personal use such as email, online purchases, and access to personal records.

15. I was allowed to customize these devices with my own settings, browser preferences, and backgrounds.

16. I was permitted to create, edit, or delete files on all of these devices without employer oversight or permission.

17. In my department, which was a football office, employees took measures to ensure privacy of data. Work documents contain strategic information that, if compromised, could affect competitive performance. Shared spaces are not accessible to non-team members and devices are password protected.

18. The Quarterback Meeting Room computer was located in a shared meeting room used only by a small group of team members. The meeting room had a door with a lock. The computer was password protected and accessible via a shared account.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of February, 2026.

_____
Matthew Weiss