UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case Number 25-20165

v.                                          Honorable David M. Lawson

MATTHEW WEISS,

        Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

This matter is before the Court on the defendant's motion for leave to file under seal two exhibits to its reply brief in support of his motion to suppress. The motion states that the exhibits to be sealed include a document prepared by the FBI (Exhibit A) and an email exchange between the University of Michigan Police Department and the FBI (Exhibit B). The defendant argues that the exhibits should be sealed because they were designated as "protected discovery" under the parties' stipulated protective order and because the proposed Exhibit A contains personally identifying information of alleged victims. The defendant represents that the government concurs in the relief sought in the motion.

"The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *Ibid.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Accordingly, even where the parties agree that filings should be sealed, the Court has an independent obligation to ensure that "the interests in support of nondisclosure are compelling," "the interests supporting access are less so," and "the seal itself is no broader than necessary." *Id.* at 306.

The Court finds that avoiding disclosure of personally identifying information of alleged victims is a compelling reason justifying nondisclosure, and the public's interest in obtaining such information is minimal. *See id.* at 308 (observing that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation" in deciding whether to seal records) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Knoxville News-Sentinel*, 723 F.2d at 474 ("[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know."). However, the Court still has a duty to ensure that "the seal itself is no broader than necessary," *Shane Grp.*, 825 F.3d at 306, and the defendant has not identified any compelling reason to avoid disclosure of the information in the exhibits other than the information pertaining to the alleged victims. Therefore, the Court will allow the defendant to file proposed Exhibit A under seal, but it will also require the defendant to file copies of the same documents in the public court record with the personally identifying information of alleged victims redacted. The defendant has not identified sufficient reasons for filing Exhibit B under seal, as there is no suggestion that it contains personally identifying information of alleged victims, and the fact that the exhibit is subject to a protective order is not sufficient justification to warrant sealing. *Id.* at 307 ("[A] mere protective order restricts access to discovery materials is not reason enough . . . to seal from public view materials that the parties have chosen to place in the court record.") (italics omitted).

Accordingly, it is **ORDERED** that the defendant's motion to seal (ECF No. 48) is **GRANTED IN PART** and **DENIED IN PART**. The defendant may file **UNDER SEAL** unredacted copies of the proposed Exhibit A, provided that the defendant also files copies of those documents on the public record with the personally identifying information of alleged victims redacted.

- 3 -

It is further **ORDERED** that the motion to file Exhibit B under seal is **DENIED**.

                                                                        s/David M. Lawson  
                                                                        DAVID M. LAWSON  
                                                                       United States District Judge

Dated: February 19, 2026