UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case Number 25-20165
v.                                           Honorable David M. Lawson

MATTHEW WEISS,

        Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION TO SEAL

This matter is before the Court on the defendant's motion for leave to file under seal five exhibits to his reply brief in support of his motion to suppress. The defendant states that twelve of the fourteen exhibits referenced in the brief "are from discovery covered by the protective order." ECF No. 50, PageID.525. The defendant has filed seven of these documents with redactions, but he states that the remaining five documents subject to the protective order — proposed Exhibits A, C, E, F, and I — "cannot be redacted in a way that both preserves their usefulness as exhibits and protects victim information or the investigative process." *Ibid.* He therefore seeks to file these documents under seal. The motion represents that the government concurs in the relief sought.

"The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *Ibid.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Accordingly, even where the parties agree that filings should be sealed, the Court has an independent obligation to ensure that "the interests in support of nondisclosure are compelling," "the interests supporting access are less so," and "the seal itself is no broader than necessary." *Id.* at 306.

The motion does not provide a sufficient factual or legal basis for the Court to conclude that sealing the documents is appropriate. The motion does not describe the nature of the information pertaining to victims or "the investigative process" that the defendant seeks to protect by filing the documents at issue under seal. Nor does it provide any specific explanation as to why the documents "cannot be redacted in a way that both preserves their usefulness as exhibits and protects victim information or the investigative process." *See* ECF No. 50, PageID.525. And the only other reason the defendant offers to seal the records is that they are subject to the parties' protective order, which is not a sufficient basis for the Court to grant the relief requested. *Shane Grp.*, 825 F.3d at 307 ("[T]hat a mere protective order restricts access to discovery materials is not reason enough . . . to seal from public view materials that the parties have chosen to place in the court record.") (italics omitted). The Court therefore will deny the motion without prejudice.

Accordingly, it is **ORDERED** that the defendant's motion to seal (ECF No. 50) is **DENIED WITHOUT PREJUDICE**. If the defendant or the government wants to file the documents under seal, either may file a renewed motion offering more specific factual and legal bases for sealing the documents **on or before March 2, 2026**. Otherwise, the documents may be filed, but not under seal.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 24, 2026