UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                              Case Number 25-20165

v.                                                       Honorable David M. Lawson

MATTHEW WEISS,

                Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

The defendant has filed a renewed motion for leave to file under seal several exhibits to his reply brief in support of his motion to suppress. The Court previously denied without prejudice the defendant's motion to file his proposed Exhibits A, C, E, F, and I under seal because the defendant had not articulated a sufficient basis for sealing the documents from public view. The defendant's renewed motion seeks to file these exhibits, along with his Exhibit B, under seal. The defendant has filed redacted copies of each of the documents on the public docket. ECF No. 49-3; ECF No. 56-1 through 5.

The Court will allow the defendant to submit unredacted copies of the documents under seal, *see* E.D. Mich. LR 5.3(b)(3)(A)(vi), but the defendant still has not justified many of his redactions. The Court therefore will require the defendant to refile Exhibits A, B, C, E, F, and I, and it will only permit redaction of (1) personally identifying information related to alleged victims, and (2) contact information of the defendant (including email addresses), individuals involved in the investigation, and the alleged victims and third parties. The other information in the exhibits may not be redacted.

The renewed motion offers three rationales for sealing and redacting Exhibits A, C, E, F, and I: (1) protecting personally identifying information related to alleged victims and third parties;

(2) protection of "sensitive technical and security information" relating to "institutional network architecture, investigative findings, and security-related details"; and (3) concerns about prejudicial pretrial publicity arising from "preliminary investigative speculation that either the government later abandoned or the defendant disputes," which the defendant contends "presents a substantial risk of prejudice to the jury pool." ECF No. 55, PageID.550-553. The defendant also has redacted information from Exhibit B concerning the identities of certain University of Michigan Police Department officers who participated in a Microsoft Teams meeting with FBI officers, and he seeks to file an unredacted version under seal. *Id.* at PageID.552.

"The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *Ibid.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Accordingly, even where the parties agree that filings should be sealed, the Court has an independent obligation to ensure that "the interests in support of nondisclosure are compelling," "the interests supporting access are less so," and "the seal itself is no broader than necessary." *Id.* at 306. To facilitate this review, the Local Rules further require that a motion to seal must, among other things, provide "a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority." E.D. Mich. LR 5.3(b)(3)(A)(iv).

There is a compelling interest in avoiding disclosure of personally identifying information of alleged victims and innocent third parties. "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know," *Knoxville News-Sentinel*, 723 F.2d at 474, and "the privacy interests of innocent third parties should weigh

heavily in a court's balancing equation." *Shane Grp.* 825 F.3d at 305.  Here, the Court finds that the interests of victims and third parties in privacy substantially outweigh the public's minimal interest (if any) in learning such persons' identities.  The Court therefore will allow the defendant to redact from the public filing personally identifying information related to alleged victims and innocent third parties from the exhibits.

The defendant also has redacted contact information — for example, phone numbers or email addresses — used by the defendant or persons involved in the investigation.  District courts within the Sixth Circuit routinely have "grant[ed] requests to seal personal phone numbers and email addresses contained in court filings." *United States v. Brown*, No. 22-00033, 2022 WL 1274411, at *2 (W.D. Ky. Apr. 28, 2022) (collecting cases).  The Court likewise finds here that these redactions were appropriate because the relevant individuals have an interest in keeping their contact information private, and the public's interest in accessing such information is minimal.  The contact information of the defendant, persons involved in the investigation, and any third parties or alleged victims may be redacted.

On the other hand, the defendant has not shown that his other redactions are warranted.  For instance, the defendant states that he has redacted information concerning "institutional network architecture, investigative findings, and security-related details."  ECF No. 55, PageID.551.  These categories are vaguely defined, and it is not clear what material has been redacted under this rationale.  The Court therefore cannot evaluate whether there is a compelling interest in redacting this information, whether the public has any interest in knowing it, or whether the redactions were tailored in a sufficiently narrow fashion.

The same is true of the "preliminary investigative speculation that either the government later abandoned or the defendant disputes," which the defendant maintains must be hidden to avoid

prejudicial pretrial publicity.  *Id.* at PageID.552-53.  The defendant does not identify what material has been redacted under this rationale, and a mere "conclusory assertion" of prejudicial pretrial publicity cannot overcome the public's right of access to public court proceedings.  *See Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 15 (1986).

Finally, it is not necessary or appropriate to redact the names of the University of Michigan Police officers in Exhibit B.  While redacting certain contact information of these officials is appropriate for the reasons discussed above, the defendant has not explained what interest is served by concealing the identities of police officers who may have been involved in the investigation.

Accordingly, it is **ORDERED** that the defendant's renewed motion to seal (ECF No. 55) is **GRANTED IN PART** and **DENIED IN PART**.  The defendant shall file on the public court docket copies of Exhibit A, B, C, E, F, and I **on or before March 11, 2026**, and he only may redact (1) personally identifying information related to alleged victims, and (2) contact information of the defendant, individuals involved in the investigation, and the alleged victims and third parties.  He may file corresponding unredacted copies of these documents **UNDER SEAL**.  No other information may be redacted, and the unredacted versions should be filed on the public docket.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Dated:   March 6, 2026