UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Case Number 25-20165

      v.                           Honorable David M. Lawson

MATTHEW WEISS,

      Defendant.

_____/

## **<ins>DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 1, 2026 OPINION AND ORDER (ECF NO. 68) DENYING SUPPRESSION OF iCLOUD EVIDENCE</ins>**

Defendant Matthew Weiss, through counsel, moves under E.D. Mich. LR 7.1(h)(2)(A) for reconsideration of one specific aspect of the Court's July 1, 2026 Opinion and Order (ECF No. 68) which resulted in denial of suppression of the iCloud evidence (ECF No. 29).  Pursuant to LR 7.1(a), on July 14, 2026, counsel conferred with government counsel, explained the nature of this motion and its legal basis and requested concurrence in the relief sought. The government does not concur in the relief sought.

Mr. Weiss respectfully submits that the Court's ruling misunderstands one important aspect of the record with a crucial implication: **<ins>The only information provided to defense counsel shows that the only iCloud backup data produced</ins>**

**by Apple was a 2020 backup outside the date restrictions of the state iCloud warrant**.     That was the only iCloud backup data Apple had, the only data it produced, and the only iCloud data that UMPD searched.  Thus, the burden should shift to the government to prove that the federal warrant was an independent source for the 2020 backup, a burden that the Court has already found the government failed to satisfy.

Defendant requests that the Court:

1. Correct the finding at ECF No. 68, PageID.662 to reflect that the reviewed files fell outside the warrant's temporal scope;

2. Reconsider and grant suppression of the iCloud evidence;

3. Alternatively, if the Court determines that the record is insufficient on this point, or that the 14 files UMPD tagged as evidence could be dispositive to the relief sought, grant leave to supplement the record under LR 7.1(h)(2)(C) upon return of the accompanying subpoena; and

4. If the ruling is unchanged, correct the finding to preserve an accurate record.

## STATEMENT OF THE ISSUES PRESENTED

1.     Whether the Court should recognize that the only iCloud content Apple produced — a single iCloud backup created April 1, 2020  — and therefore the only iCloud data that UMPD searched, was indisputably outside the scope of the state warrant.

*Answer: Yes.*

2.     Whether the iCloud backup being outside the warrant shifts the burden to the government to show independent source, which the Court has already held the government cannot satisfy.

*Answer: Yes.*

## LEGAL STANDARD

Reconsideration of a non-final order may be granted where "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2)(A). The three elements are addressed in turn.

## BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

### I.     The Court's Opinion Contains a Mistake.

The record demonstrates that the **only** iCould backup data Apple produced in response to UMPD's search warrant was beyond the warrant's scope. The government produced a May 25, 2023 FBI 302 documenting that Apple's entire production consisted of a single Zip (compressed) file containing one iCloud backup: "Creation time: 4/1/2020 2:34 AM (UTC+0)." (ECF No. 54-1, PageID.540–46). That creation date falls well outside the warrant's window of August 29, 2022 through January 5, 2023. (ECF No. 44-1, PageID.381). And because an iCloud backup contains only data predating its creation,[1] every file in the production — and therefore every file UMPD could have searched — predates April 1, 2020. The government never disputed this in its response, which is why the parties did not develop the point in their briefing.

The record therefore establishes that the **only** iCloud backup produced by Apple was **outside** the state iCloud warrant.  UMPD Detective Thomas Cargill admitted to searching the iCloud backup despite the warrant's date restriction (ECF No. 54-2, PageID.547).

---

[1] An iCloud Backup is a snapshot of the data on the device as it exists when the backup is created;  it necessarily contains only data predating the backup.  *See* Apple Support, What Does iCloud Back Up? Available at https://support.apple.com/en-us/108770. The catalogued files, all modified March 9–11, 2020, are consistent with a backup created April 1, 2020 — not with the 2022–2023 warrant window.

The content of that admission further confirms the point. When Special Agent Reller asked UMPD "whether or not UMPD ever decrypted and reviewed that Apple return," Detective Cargill answered: "It looks like I did look at it and tagged 14 items, they were all sign on related screenshots." (ECF No. 54-2, PageID.547–48). That description matches the only files catalogued in the record from the Apple production: the sign-on-related screenshots identified in Special Agent Reller's FD-302, each dated in March 2020. (ECF No. 54-1, PageID.540–46). The entire production was outside of the date restriction.  There was no in-scope data in a 2020 iCloud backup that Detective Cargill could review.

Therefore, the Court's statement that "the parties have not shown that the 14 files were outside the temporal scope of the search warrant" (ECF No. 68, PageID.662) is incorrect.

The data produced by Apple was added to the collection of physical devices seized by the state warrants and then, collectively, made the subject of the federal warrant that the Court has already ruled was prompted by the unlawful state searches (ECF No. 32-7, PageID.249; ("v. The contents of an Apple Return… between the dates of August 29, 2022, through January 5, 2023 contained on the CARGILL-CYBERCRIMES forensic computer.")). See ECF No. 49-8, PageID.510 ("The location for the Apple return is - Detective Tom Cargill's Forensic Computer"); see also ECF No. 44-4, PageID.441 ("The following digital evidence items were obtained from the computers of Cargill and Buehler, as

witnessed by SA Reller and SA Ormond: Apple search warrant return; obtained from Cargill's computer").

The record, then, is clear: The iCloud backup was outside the scope of the state warrant, and it was then added to the rest of the UMPD data and searched again under the one federal warrant.  Mr. Weiss's motion expressly stated that in executing the warrant, "UMPD completely ignored the date restriction." (ECF No. 29, PageID.140). The government's response did not contest that assertion or suggest that Detective Cargill's review stayed within the warrant's window. (ECF No. 44, PageID.371–72). Because it was uncontested, the parties did not develop this point further, which explains, respectfully, how the Order came to state that "the parties have not shown that the 14 files were outside the temporal scope of the search warrant." (ECF No. 68, PageID.662). The record shows that the only data produced by Apple was outside the warrant, so the parties never disputed it.

## II.  Correcting the Mistake Changes the Outcome.

Mr. Weiss submits that correcting this misunderstanding changes the outcome of the Court's prior decision.  Because all of the iCloud data was outside the scope of the iCloud warrant, Mr. Weiss has carried his initial burden of establishing that the data was subject to suppression under the legal standards explained in his motion to suppress the iCloud data. Under Supreme Court caselaw, it is now the government's burden to show independent source, which

3

requires the government to establish the absence of prompting. The Court applied that standard in Section III of the Opinion, asking whether the government had shown that the illegal search did not have "any effect in producing the warrant," *Murray*, 487 U.S. at 542 n.3 (ECF No. 68, PageID.648).

The government cannot meet this standard for two reasons.  First, this Court has already correctly held that the federal warrant was prompted by the fruits of the unlawful state warrants.  That ruling necessarily carries over to the iCloud data, which was one of the 22 items to be searched by the federal warrant that has been deemed unconstitutionally prompted (ECF No. 32-7). The question under the independent source doctrine is whether the federal search was prompted by state illegality (ECF No. 68, PageID.644).  Necessarily, all of the items that the government was prompted to search as a result of that illegality must fall together as collectively "prompted." Otherwise, the government's act of collecting together all of the computers from various places into one place, to be searched with a single do-over warrant, creates obvious particularity problems: It would allow the government to move devices and data from many places and reduce them to just one place.

Second, even if the Court concludes that it can divide the items searched under a single warrant into prompted parts and unprompted parts for purposes of the independent source doctrine, the government cannot meet its burden to show that the iCloud data was unprompted.  The FBI excluded from its warrant the

4

devices that UMPD had searched and determined were non-evidentiary (*see Table*, ECF No. 68, PageID.629) — a sorting that necessarily depended on UMPD communicating what its searches revealed. The iCloud data was not excluded. The government has not even tried to meet its burden to show an additional independent source. And on this record, the government cannot show that the decision to treat the Apple return as evidentiary owed nothing to Detective Cargill's review of it one week before UMPD's first meeting with the FBI.[2]   Nor has the government attempted to show that UMPD's illegal device search that began on January 11, 2023 (ECF No. 32-3, PageID.188; ECF No. 32-4, PageID.194) did not affect UMPD's later decision to seek the iCloud warrant on January 20, 2023 (ECF No. 32-9, PageID.266).

## III. The Mistake Was Based on the Record Before the Court.

The exhibits referenced above were properly before the Court, and the Court relied on each. No new evidence is required; the existing record establishes that Detective Cargill disregarded the terms of the warrant and reviewed the Apple production which was an iCloud backup from April 1, 2020. This is the type of record-based mistake Local Rule 7.1(h)(2)(A) exists to correct.

---

[2] Detective Cargill received the data from Apple on February 3, 2023 at 2:49 p.m. (ECF No. 44-2, PageID.384). That is one week before the Microsoft Teams Meeting between the UMPD and the FBI on February 10, 2023 (ECF No. 49-3, PageID.504).

**IV. Alternative Relief Under Rule 7.1(h)(2)(C).**

If the Court concludes the existing record does not conclusively establish that the reviewed files were out of the warrant's scope, that gap is the product of the government's litigation position. In discovery, the government contended that it has no obligation to produce records from UMPD's criminal investigation because it lacks possession or control of those records, except for records the federal government requested and received from UMPD.[3]

The fourteen files Detective Cargill tagged thus fall into this category of records that were not obtained despite the fact the defense exercised reasonable diligence before the Court ruled (E.D. Mich. LR 7.1(h)(2)(C)).   Reasonable diligence does not require a defendant to subpoena law enforcement for records of the investigation against him. UMPD conducted the searches and delivered the evidence — including the Apple return at issue — directly to federal agents.  The defense accordingly sought the fourteen files through the government, repeatedly, before the hearing; the government declined to produce them. Nor was there occasion to press further at the time: in briefing, neither party disputed that the Apple production fell outside the warrant's dates. No issue as the parties framed it

---

[3] The email in which Detective Cargill confirmed his review of the Apple return (ECF No. 54-2) was itself produced to the defense only on Friday, February 6, 2026 — seven days before Mr. Weiss's reply was due. The same discovery production also included, for the first time, what the government termed "non-substantive logistical communications" between the FBI and UMPD that until that point the government possessed but declined to produce (Defense Exhibits B (ECF No. 49-2), D (ECF No. 49-5), G (ECF No. 49-8), and K (ECF No 49-12)).

6

turned on what the fourteen files depicted.

If the Court believes that further evidence is necessary, defense counsel will request a subpoena for the fourteen files and any report generated by Detective Cargill's review. Defendant requests leave to supplement the record for that limited purpose within seven days of when the results of that subpoena are returned. *See* E.D. Mich. LR 7.1(h)(2)(C).

## CONCLUSION

Defendant respectfully requests that the Court (1) correct the finding at ECF No. 68, PageID.662 to reflect that the reviewed files fell outside the warrant's temporal scope; (2) reconsider and grant suppression of the iCloud evidence; (3) alternatively, grant leave to supplement under Local Rule 7.1(h)(2)(C); and (4) if the ruling is unchanged, correct the finding to preserve an accurate record.

Respectfully submitted,

/s/ David Benowitz
David Benowitz
Price Benowitz LLP
409 7th St, NW Suite 300
Washington, DC 20004
(202) 271-5249
David@PriceBenowitz.com

/s/ James Gerometta
James R. Gerometta
Mogill, Lemanski and Gerometta, PLLC
27 E. Flint Street Suite 2
Lake Orion, MI 48362
(313) 530-9505
James@Geromettalaw.com

*Counsel for Matthew Weiss*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July 2026, I electronically filed the foregoing Motion and Brief in Support with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Timothy Wyse at the Eastern District of Michigan United States Attorney's Office.

/s/ David Benowitz
David Benowitz
Price Benowitz LLP
409 7th Street, NW
Suite 300
Washington, DC 20004
(202) 271-5249
David@PriceBenowitz.com

*Counsel for Matthew Weiss*

8