UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Case Number 25-20165

      v.                              Honorable David M. Lawson

MATTHEW WEISS,

      Defendant.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION (ECF NO. 71) OF THE COURT'S OPINION AND ORDER (ECF NO. 68) DENYING SUPPRESSION OF iCLOUD EVIDENCE**

**I.    The government concedes that all user-created iCloud data was outside the date restriction of the UMPD warrant.**

The government concedes that all user-created records produced by Apple were outside the date range of the UMPD warrant for Mr. Weiss's Apple iCloud data. (ECF No. 75, PageID.773) ("[T]he government agrees . . . that UMPD tagged files outside the date range of the state warrant.").

The government also does not contest—as it could not—that the United States then collected this out-of-the-date-range data together with Mr. Weiss's physical devices and included them all together in the federal warrant that the Court has already ruled was prompted by the UMPD illegal searches and was not an independent source. (ECF No. 32-7).

1

In short, Mr. Weiss's motion for reconsideration was correct: The iCloud data in this case that the government seeks to use at trial was evidence obtained outside the date restriction of the UMPD iCloud warrant, and then searched under the federal do-over warrant that the Court has already ruled was prompted by the UMPD's illegal searches. The motion for reconsideration should be granted.

## II. The mistake in this case was a misunderstanding of the existing record, not a new fact that required development.

The government argues that the motion for reconsideration should be denied because there was no "mistake." In the government's view, "factual development" was needed to recognize the error. (ECF No. 75, PageID.771).

This is wrong. It has always been clear from the record that the Apple iCloud evidence was outside the date restriction. ECF No. 54-1 established a single April 1, 2020, backup. Because time does not run backwards, that backup could not possibly contain files from years later. The evidence could not be within the date restriction. The government's new Exhibit 6 (ECF No. 75-1, PageID.778-79) merely confirms what ECF No. 54-1 already established. Indeed, that was the entire premise of Mr. Weiss's motion to suppress, which began:

> The warrant in this case has an express limit: It is limited to evidence between the dates of August 29, 2022, and January 5, 2023. As far as counsel is aware, no evidence was found within the warrant's date restriction. When executing the warrant, however, UMPD completely ignored the date restriction.

ECF No. 29, PageID.140. Mr. Weiss then argued that the fact should lead to

suppression, at the "very least" because evidence outside the date restriction of a warrant should be suppressed. *See id.* at PageID.141-43. As Mr. Weiss noted in his reply brief filed on February 13, none of this was contested by the government's opposition to that motion:

> The government . . . does not dispute that UMPD disregarded the temporal limit, searched the iCloud backup from April 1, 2020, and tagged the evidence the FBI later re-found (Exhibit B, Sealed, Emails between UMPD and FBI). The government does not contest that it now seeks to use the evidence from outside the date restrictions.

ECF No. 47, PageID.470-71.

The record in this case is complicated and voluminous, and Mr. Weiss greatly appreciates this Court's very careful attention to it.  But it has always been clear and undisputed that the iCloud evidence was outside the date restriction. In the alternative, even if the government were correct that factual development was required, the government's own new Exhibit 6 now supplies it, and supplementation of the record is proper under LR 7.1(h)(2)(C).

### III.    Correcting this mistake changes the outcome.

The government does not contest that federal agents took the outside-the-date iCloud backup and then searched it under the federal devices warrant that the Court has already ruled was prompted by the UMPD's illegal search.  Instead, the government argues that this factual correction does not change the outcome.  The government interprets the Court's order as requiring the federal government's

3

knowledge of the state's violation of the Fourth Amendment. *See* ECF No.75 PageID.774-75).    Because the federal government claims to have lacked that knowledge, the government believes the motion to suppress was properly denied. *See id.* at PageID.774.   ("The Court's ruling hinged . . . on the . . .  fact that the FBI had no knowledge of which files were tagged by UMPD.")

The Court is of course in the best position to interpret its own order.  But in reading the Court's order, counsel respectfully ask if the misunderstanding as to the dates of the iCloud backup may have obscured which federal warrant the government invoked as the basis for its independent source claim.[1] Counsel submit that when this factual error is corrected, it becomes clear that the motion to reconsider should be granted because the Court's order has already rejected the independent source claim that the government is making.

Counsel raise this possibility because there were *two different* federal warrants that covered the iCloud data, and the government's independent source claim concerned only one of them.  When Mr. Weiss  moved to suppress the fruits of the UMPD iCloud warrant, he expected the government to raise an independent source claim from the later federal iCloud warrant. In his initial motion, Mr. Weiss

---

[1] The Court's order describes the independent source as "the FBI's subsequent search warrant — which contained no time limitations" (ECF No. 68, PageID.663), but the federal devices warrant that the government actually invoked described the Apple return by the state warrant's own date range — "between the dates of August 29, 2022, through January 5, 2023" (ECF No. 32-7, PageID.249) — while it is the later federal iCloud warrant, covering "account inception to December 25, 2022," that contained effectively no time limitation with regards to iCloud data and that the government never mentioned in its opposition (ECF No. 29, PageID.143-44).

briefly explained why the later federal iCloud warrant could not be an independent source. (ECF No. 29, PageID.143-44).

When the government filed its opposition, however, the government never mentioned the later federal iCloud warrant. Instead, the government's response only invoked the same federal devices warrant—and the identical independent source exception argument— that it relied on to search the physical devices that were seized, and that were already the subject of Mr. Weiss's motion to suppress, see ECF No. 25, PageID.106.

When it is realized that the government's sole argument as to the iCloud backup is that the federal devices warrant was an independent source, it becomes clear that the Court's reasons for granting the motion to suppress in part for the devices must also apply to the motion to suppress the evidence from the April 1, 2020 iCloud backup.  The government chose to put all its eggs in the one basket of the alleged independence of the one federal devices warrant.   The Court has already properly rejected that claim.   But because the federal warrant does not create an independent source as to the physical computers included in the warrant, it cannot simultaneously create an independent source as to the April 1, 2020 iCloud backup also included in the warrant.   Because all of the government's arguments about independent source are based on a single federal warrant, the government's awareness or lack of awareness of the particular reason why each item was obtained unlawfully by UMPD is irrelevant.

**IV.    The government's new factual assertion is contradicted by the record.**

The government's opposition makes a new factual assertion: the FBI "did not learn of UMPD's review until December 2025."[2] (ECF No. 75, PageID.774). Mr. Weiss submits the following solely in reply to these new factual assertions.

First, SA Reller's handwritten notes from February 17, 2023 contain the entry "ATS System." (ECF No. 58-3, PageID.590).   By the government's own account, it was "the results of the UMPD warrant for Weiss's iCloud data" that "linked Weiss to an intrusion of the Athletic Training System." (ECF No. 32, PageID.178-79). The Court credited that attribution, observing that "[t]he FBI apparently linked Weiss to Keffer's complaint only after reviewing the evidence obtained through the UMPD's iCloud warrant." (ECF No. 68, PageID.653). But, on February 17, 2023, the only review of the iCloud data that had occurred was Detective Cargill's, and SA Reller's notes are from a meeting with UMPD.

Second, on March 3, 2023, SA Reller held a call with UMPD. The defense has no record of the contents of this call, but the agent followed up by asking specifically about the Apple return. (ECF No. 49-8, PageID.510).

Third, on April 27, 2023, SA Reller wrote to Detective Cargill: "We

---

[2] Similarly, the government asserts for the first time, "the FBI did not even know whether UMPD had viewed Apple's production when it applied for its own search warrant," and "the FBI *still* does not know which files were tagged by UMPD." (ECF No. 75, PageID.774-75).  By its own telling, the government opposed suppression and proceeded through the June 11, 2026 hearing without ever determining what data Apple produced or whether UMPD's review stayed within the warrant's dates. (ECF No. 75, PageID.773 & n.2)

identified 96 encrypted files in the Apple return, but Apple's included spreadsheet lists 126. Is it possible that we don't have all the search warrant return, or did you also get 96 when you received it?" (Reply Ex. Q).

Fourth, on May 9, 2023, nine days before the FBI's documented review of the iCloud data (ECF No. 54-1, PageID.540), Detective Cargill sent SA Reller a listing of a 6TB drive prepared for the FBI, writing "[t]his is the image files as well as the portable cases." The drive's top-level folders included both "iCloud return" and "AXIOM PORTABLE CASES," and SA Reller responded the same morning with questions about the contents of the "axiom report file." (Reply Ex. R, S).[3] Finally, the Court itself found it "possible (perhaps likely)" that UMPD shared additional search results verbally. (ECF No. 68, PageID.649).  Independent source is a burden the government must prove.  On this record, it cannot.

Respectfully submitted,

/s/ David Benowitz                       /s/ James Gerometta
David Benowitz                            James R. Gerometta
Price Benowitz LLP                        Mogill, Lemanski and Gerometta, PLLC
409 7th St, NW Suite 300                  27 E. Flint Street Suite 2
Washington, DC 20004                      Lake Orion, MI 48362
(202) 271-5249                            (313) 530-9505
David@PriceBenowitz.com                   James@Geromettalaw.com

*Counsel for Matthew Weiss*

---

[3] Detective Cargill confirmed that he created "an Axiom Case for the apple return." (ECF No. 54-2, PageID.547). SA Fechik received the drive that day and the FBI's FD-302 records that it "contained image files and portable cases." (Reply Ex. T).

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August 2026, I electronically filed the foregoing Motion and Brief in Support with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Timothy Wyse at the Eastern District of Michigan United States Attorney's Office.

/s/ James Gerometta
James R. Gerometta
Mogill, Lemanski and Gerometta, PLLC
27 E. Flint Street Suite 2
Lake Orion, MI 48362
(313) 530-9505
James@Geromettalaw.com

*Counsel for Matthew Weiss*

8